United States District Court
Southern District of Texas
FILED

JUL 0 7 2004

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN LEONARD FLOWERS, JR. | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-085 |
| | § | |
| CITY OF HARLINGEN, CONNIE DE | § | |
| LA GARZA MAYOR, HARLINGEN CITY | § | |
| POLICE DEPARTMENT, CHIEF BLAKE | § | |
| AND XYZ INSURANCE CO. | § | |
| Defendants | § | |

**DEFENDANTS' (1) MOTIONS TO DISMISS UNDER RULE 12(b)
FOR FAILURE TO STATE A CLAIM, (2) MOTION TO DISMISS
BASED ON QUALIFIED IMMUNITY, AND (3) MOTION TO
DISMISS UNDER 28 U.S.C. §1915(e)(2)(B)(i, ii)**

TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone 956/428-7495; Fax 956/428-2954

Attorneys for Defendants CITY OF HARLINGEN,
HARLINGEN POLICE DEPT., CONNIE DE LA
GARZA, AND CHIEF BLAKE

i

TABLE OF CONTENTS

Page:

I. Status of Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Issues Presented  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. Factual Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.    Flowers' Allegations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     B.    The Rest of The Story  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. Argument & Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.    Standard  of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          1.    Failure to State a Claim Under Rule 12(b)(6)  . . . . . . . . . . . . . . . . 6

          2.    Qualified Immunity Dismissal  . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          3.    Dismissal under Section 1915(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.    HPD is Not a Legal Entity Capable of Being Sued Apart from the City  . . 9

     C.    Complaint Fails to State A Claim Under Section 1983 . . . . . . . . . . . . . . . 10

          1.    18 U.S.C. section 242 Does Not Permit a Private Remedy  . . . . . . 10

          2.    Complaint Fails to Allege An Arrest Without Probable Cause  . . . 10

          3.    Complaint Fails to Allege Use of Excessive Force to Arrest . . . . . 13

          4.    Complaint Fails to Allege Fifth Amendment Violation . . . . . . . . . 14

          5.    Complaint Fails to Allege a Sixth Amendment Violation  . . . . . . . 15

          6     Complaint Fails to Allege a Eighth Amendment Violation  . . . . . . 15

7.      Complaint Fails to Allege a Fourteenth Amendment Substantive
        Due Process Violation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8.      Complaint Fails to Allege a Fourteenth Amendment
        Procedural Due Process Violation  . . . . . . . . . . . . . . . . . . . . . . . . . 17

D.      Complaint Fails to Allege that Constitutional Violations Resulted
        from a City Policy  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

E.      Claims Against Mayor and Blake Individually  . . . . . . . . . . . . . . . . . . . . 18

F.      Complaint Does Not Allege Facts Showing a Waiver of
        Sovereign Immunity Against State Law Claims  . . . . . . . . . . . . . . . . . . 19

G.      Any State Law Claims Against Individual Defendants
        Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

TABLE OF AUTHORITIES

Page:

Cites:

*Alton v. Hopgood*, 994 F.Supp. 827  (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Baker v. McCollan*, 443 U.S. 137 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bd. Of County Comm. Of Bryan County v. Brown*,
    520 U.S. 397 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bell v. Wolfish*, 441 U.S. 520 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bender v. Brumley*, 1 F.3d 171 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Blackwell v. Barton*, 34 F.3d 298 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brinegar v. United States*, 338 U.S. 160 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Campbell v. City of San Antonio*, 43 F.3d 973
    (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Casanova v. City of Brookshire*, 119 F.Supp.2d 639
    (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Casiano v. U.S.*, 953 F.Supp. 158 (S.D.Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Canton v. Harris*, 489 U.S. 378 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*City of San Antonio v. Dunn*, 796 S.W.2d 258
    (Tex. App.–San Antonio 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 20

iv

*Cooper v. Short,* 53 F.3d 327 (1st Cir. 1995) ................................... 10

*Cos v. Cosentino,* 876 F.2d 1 (1st Cir. 1989) .................................. 10

*County of Sacramento v. Lewis,* 523 U.S. 833 (1998) ....................... 16, 17

*Cozzo v. Tangipahoa Parish Council,* 279 F.3d 263
     (5th Cir. 2002) .......................................................... 19

*Cupit v. Jones,* 8 F2d 82 (5th Cir. 1987) ....................................... 15

*Dallas County Mental Health and Retardation v. Bossley,*
     968 SW2d 339 (Tex. 1998) ............................................. 19

*Daniels v. Williams,* 474 U.S. 327 (1986) ...................................... 17

*Denton v. Hernandez,* 504 U.S. 25 (1992) ...................................... 9

*Doe v. Dallas I.S.D.,* 153 F.3d 211 (5th Cir. 1998) ............................ 18

*Dupre v. Dallas County Hosp. Dist.,*
     8 F.Supp.2d 908 (S.D.Tex. 1998) ..................................... 19

*Elliot v. Perez,* 751 F.2d 1472 (5th Cir. 1985) ................................. 6

*Fields v. City of S. Houston,* 922 F.2d 1183
     (5th Cir.1991) .......................................................... 10

*Gibson v. Picou,* 2004 WL 1245290 (7th Cir. 2004) ......................... 14, 16

*Gladden v. Roach,* 864 F.2d 1196 (5th Cir.1989) .............................. 11

*Gonzalez v. Ysleta I.S.D.,* 996 F.2d 745 (5th Cir. 1992) ...................... 18

*Graham v. Connor,* 490 U.S. 396 (1989) .................................... 7, 13

*Guidry v. Bank of LaPlace,* 954 F.2d 278
     (5th Cir. 1992) .......................................................... 6

*Gutierrez v. City of San Antonio*, 139 F.3d 441
    (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hare v. City of Corinth, MS*, 74 F.3d 633
    (5th Cir. 1996)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Haring v. Prosise*, 462 U.S. 306 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Heck v. Humphrey*, 512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Henry v. Albuquerque Police Dept.*, 49 Fed. Appx. 272
    (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hope v. Pelzer*, 536 U.S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hudson v. McMillan*, 503 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hudson v. Palmer*, 468 U.S. 517 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hutchison v. Brookshire Bros., Ltd.*, 205 F.Supp.2d 629
    (E.D.Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ikerd v. Blair*, 101 F.3d 430 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Illinois v. Gates*, 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Jones v. Diamond*, 636 F2d 1364 (5th Cir. 1981) (en banc) . . . . . . . . . . . . . . . . . . 16

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kellough v. Bertrand*, 22 F.Supp.2d 602 (S.D.Tex. 1998) . . . . . . . . . . . . . . . . . . . 20

*Kesler v. King*, 29 F.Supp.2d 356 (S.D.Tex.1998) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Macias v. Raul A. (Unknown), Badge No. 153*,
    23 F.3d 94 (5th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

vi

*Manzanares v. Isenberg,* 2003 WL 21529430
   (N.D.Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martin v. Thomas,* 973 F.2d 449 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Martinez v. Chavez,* 538 U.S. 760, 123 S.Ct. 1994 (2003) . . . . . . . . . . . . . . . . . . . . 14, 16

*Maxwell v. Harvey,* 815 F.Supp. 213 (S.D.Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McClendon v. City of Columbia,* 305 F.3d 314
   (5th Cir. 2002)(en banc), *cert. denied,*
   123 S.Ct. 1335 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*McFadden v. Lucas,* 713 F.2d 143 (5th Cir. 1983),
   *cert. denied,* 464 U.S. 998 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Meadowbriar Home for Children, Inc. v. Gunn,*
   81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mendenhall v. Riser,* 213 F.3d 226 (5th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Monell v. New York City Dept. of Soc. Serv.,*
   436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Morgan v. City of Waco,* 2002 WL 324298
   (N.D.Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mowbray v. Cameron County,* 274 F.3d 269
   (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Neitzke v. Williams,* 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Parratt v. Taylor,* 451 U.S. 527 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Paz v. Weir,* 137 F.Supp.2d 782 (S.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Petta v. Rivera,* 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pierson v. Ray,* 386 U.S. 547 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

vii

*Pope v. Thornburgh,* 978 F.2d 744 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Renda v. King,* 347 F.3d 550 (3rd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Rockefeller v. U.S. Court of Appeals Office, Tenth Circuit,*
    248 F.Supp.2d 17 (D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rolen v. City of Brownfield,* 2004 WL 833366
    (N.D.Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*S.S. v. McMullin,* 225 F.3d 960 (8th Cir. 2000)(en banc),
    *cert. denied,* 532 U.S. 904 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Sanchez v. Swyden,* 139 F.3d 464 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995)
    (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Siegert v. Gilley,* 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Snyder v. Trepagnier,* 142 F.3d 791 (5th Cir. 1998),
    *cert. dism'd,* 526 U.S. 1083 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Spicer v. Collins,* 9 F.Supp.2d 673 (S.D.Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Spiller v. City of Texas City,* 130 F.3d 162
    (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Streetman v. Jordan,* 918 F.2d 555 (5th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sutton v. Utah State School for Deaf and Blind,*
    173 F.3d 1226 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575
    (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Townsend v. Memorial Medical Center,* 529 S.W.2d 264
    (Tex. App.–Corpus Christi 1975, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Lee,* 962 F.2d 430 (5th Cir.1992) .............................. 11

*United States v. Levine,* 80 F.3d 129 (5th Cir.1996) ........................... 11

*United States v. Preston,* 608 F.2d 626 (5th Cir.1979) ......................... 11

*Vance v. Nunnery,* 137 F.3d 270 (5th Cir.1998) ............................... 11

*Webster v. State of Texas,* 2004 WL 555636
    (N.D.Tex. 2004) .................................................... 14

*Williams v. Bramer,* 180 F.3d 699 (5th Cir. 1999),
    *reh. denied at* 186 F.3d 633(5th Cir. 1999) ............................... 13


Texas Civil Practice & Remedies Code:

Ch. 101 ......................................................... 19

§ 101.021 ....................................................... 19

§ 101.057(2) .................................................... 20


Texas Penal Code:

§46.04 .......................................................... 13


Texas Tort Claims Act:

§101.106 ......................................................... 3

§101.106(a) ...................................................... 20


Federal Rules of Civil Procedure:

Rule 12(b)(6) .................................................. 1, 6, 18

Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Statutes:

18 U.S.C. §242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

18 U.S.C. §922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. §1915 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1915(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §1915(e)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 10, 14, 16, 17

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, AND CHIEF BLAKE and file their Motions to Dismiss Under Rule 12(b) for Failure to State a Claim, (2) Motion to Dismiss Based on Qualified Immunity, and (3) Motion to Dismiss under 28 U.S.C. §1915(e)(2)(B)(i, ii), and would show this Court as follows:

## I. Status of Case

Plaintiff Flowers filed suit against Defendants City of Harlingen ("City"), the Harlingen Police Department ("HPD"), former Mayor Connie de la Garza ("Mayor de la Garza") and former HPD Police Chief Michael Blake ("Blake") for alleged violations of Flowers constitutional rights under 42 U.S.C. §1983. Dkt #1. Flowers is a federal prisoner and has been permitted to proceed under 28 U.S.C. §1915. Dkt #2.

Defendants Mayor de la Garza and Blake moved to dismiss based on qualified immunity. All Defendants move to dismiss (1) under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and (2) under 28 U.S.C. §1915(e)(2)(B)(i) because the claim is frivolous or malicious.

## II. Issues Presented

1.    Whether 18 U.S.C. §242 provides a private cause of action.

2.    Whether Plaintiff has failed to allege a claim of excessive force under the Fourth

   Amendment if he does not allege any injury or how the force use was excessive under

1

the circumstances.

3.      Whether Plaintiff has failed to allege a claim of arrest with probable cause.  Whether there was probable cause to arrest if Plaintiff (1) was a federal felon who admits leading officers to think he had a firearm and (2) subsequently plead true to probation violations.

4.      Whether Plaintiff has alleged an actionable violation of any Fifth Amendment right if he does not allege he gave any statement, that he was prosecuted for any offense related to his statement, or that the statement was used to convict him of an offense.

5.      Whether Plaintiff has alleged any violation of his Sixth Amendment rights.

6.      Whether Plaintiff has alleged any violation of his Eighth Amendment rights.

7.      Whether Plaintiff has alleged any violation of Fourteenth Amendment Due Process or that any violation deprived him of liberty or property.

8.      Whether Flowers has alleged that any violations were caused by a City policy or custom approved or ratified by a final City policymaker.

9.      Whether Mayor de la Garza and Blake are entitled to qualified immunity because Flowers has not alleged facts showing:

   a.      How they violated his rights or how they were involved in the alleged incident;

   b.      How they have any supervisory responsibility under section 1983; or

   c.      How their acts violated clearly established law and were unreasonable.

10.     Whether Flowers has alleged any state law torts.  If so, whether he has alleged facts

2

waiving the City/HPD's sovereign immunity.  In that event, any state law claims

against Mayor de la Garza and Blake must be dismissed under the Texas Tort Claims

Act section 101.106.

11.    Whether the HPD is a legal entity that can be sued apart from the City.

### III.  Factual Background

This case arises from Mr. Flowers arrest in Harlingen in August 2003 that may have

resulted in proceedings in this court to terminate his supervised release ("SR").  See *United

States v. Flowers,* Cause No. 98-CR-257, Dkt #87 (Nov. 17, 2003) in the USDC for the

Southern District of Texas [*Flowers* I].

### A.    Flowers' Allegations

Flowers alleges that on August 24, 2003, HPD officers came to house, insulted him,

surrounded his house, arrested him, and interrogated him.  He alleges he is suing former

Mayor de la Garza and former HPD Police Chief Blake individually, but he does not state

they were involved in these matters or how they could be responsible.

Flowers' pleadings are long on adjectives and short on facts.  About the only specific

facts he alleges are that:

-HPD officers knocked on the door to his bedroom,

-he asked them to leave after informing them of his "2nd Amendment right and

advising them they were trespassing,

-they ordered him to come out,

3

-a SWAT team surrounded his house,

-a SWAT officer challenged him to fight using vulgar words,

-HPD officers then entered his room and arrested him, and

-HPD officers "battered"him.

He alleges:

a.       excessive force by surrounding his house, entering his room, and arresting him.  Dkt #1, p 5A.

b.       Violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  Dkt #1, p. 5B.

c.       Violation of Due Process. Dkt #1, p. 5C.

d.       Violations of 18 U.S.C. §242. Dkt #1, p. 4

e.       Arrest without probable cause or warrant.  Dkt #1, p. 4.

## B.    The Rest of The Story[1]

Mr. Flowers was on federal SR from a marijuana trafficking conviction based on a plea of guilty. *Flowers* I, dkt # 24 (Sept. 29, 1998).  The Hon Judge Janice Jack sentenced him to 40 months, with 3 years SR. *Flowers* I, dkt #40 (Dec. 21, 1998).  In 2002, Judge Jack

---

[1] Defendants do not intend to convert this motion to dismiss into a motion for summary judgment under Federal Rules of Civil Procedure 56.  This additional information can support a motion in a Rule 12(b) for two reasons.  First, Plaintiff pleads 5th and 6th amendment violations, which can exist only in connection with a criminal prosecution.  If Mr. Flowers is referring to termination of his supervised release in this Court, then the Court may fairly take judicial notice of the public record to which he refers.  Second, 28 U.S.C. §1915(e)(2)(B) permits the Court the unusual power of piercing the veil of the complaints' factual allegations.  See *infra* at p. 9.

4

found violations of SR and sentenced him to 12 months, and two years SR. *Flowers* I, dkt # 72 (Febr. 27, 2002).

On the day in question, Mrs. Flowers summoned the HPD because Plaintiff had been partying all night, had become drunk and high on drugs, and had threatened her. When the officers arrived, Flowers refused to leave his bedroom and told the officers he would hurt them if they did not leave. He then turned his stereo up so as to drown out all further discussion. His wife then allowed the officers to shut off the power so as to make conversation possible.

Flowers became even more upset at the silence, told the officers to leave, and that he had a gun. [Presumably, this was his lecture to them about his 2nd Amendment rights]. Officers heard something inside like Flowers was readying a weapon. The SWAT team was summoned and Mr. Flowers was arrested.

Flowers was arraigned on the charge of terrorist threat, a violation of Texas Penal Code 22.07(A). The next day, a petition to revoke his probation was filed and the federal district court issued a warrant for his arrest. *Flowers* I, dkt # 78 (Aug. 25, 2003). His case was transferred to the Brownsville division before the Hon. Judge Hilda Tagle. *Flowers* I, dkt # 83 (Nov. 6, 2003). He was arraigned; the magistrate judge appointed the FPD to defend him. *Flowers* I, dkt # 80, 81 (Nov. 4, 2003). On November 17, 2003, he plead "true" to the alleged SRT allegations before Judge Tagle, was found guilty, and sentenced to 12 months. *Flowers* I, dkt # 87.

## IV. Argument & Authorities

### A.   Standard of Review

1.   Failure to State a Claim Under Rule 12(b)(6)

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Plaintiffs, drawing all reasonable inferences in his favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).  However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants' qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433.  The heightened pleading requirement mandates that a plaintiff suing an officer in her individual capacity for constitutional violations state with "factual detail and particularity the basis of his claim ...." *Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985). "Mere conclusory allegations and bold assertions are insufficient to meet this heightened pleading requirement." *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir.1990) (citing with approval, *Elliot,* 751 F.2d at 1482), particularly when greater detail might assist the court. *Schultea,* 47 F.3d at 1433.

6

The court may order Plaintiff to file a reply under FED.R.CIV.PR. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

### 2.    Qualified Immunity Dismissal

Qualified immunity protects a public official from claims under 42 U.S.C. § 1983 if a reasonably prudent official would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The official will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *McClendon v. City of Columbia,* 305 F.3d 314, 327 (5th Cir. 2002)(en banc), *cert. denied,* 123 S.Ct. 1335 (2003).

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity. Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

42 U.S.C. §1983 is not itself a source of substantive rights. *Graham v. Connor*, 490 U.S. 396, 393 (1989). The first inquiry is to isolate the precise provision of the federal Constitution that is allegedly infringed. *Graham*, 490 U.S. at 394.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined well enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *McClendon,* 305 F.3d at 331; *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). The standard is whether the state of the law at the time of conduct gave the public official fair notice that the alleged conduct was unconstitutional. *Hope v. Pelzer,* 536 U.S. 730 (2002); *McClendon,* 305 F.3d at 329.

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). In some cases, the court may then look to whether a consensus exists in sister circuits. *McClendon,* 305 F.3d at 329. If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Even if some consensus exists that a right exists, its application must be identified with obvious clarity to the conduct involved the case at hand. *McClendon,* 305 F.3d at 332-33.

3.    <u>Dismissal under Section 1915(e)(2)</u>

The terms of 28 U.S.C. §1915(e)(2)(B)(i) authorize a federal court to dismiss an

8

action in which the Plaintiff is proceeding in forma pauperis if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss sua sponte those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 (1989); *Casiano v. U.S.*, 953 F.Supp. 158, 159 (S.D.Tex. 1997). The Supreme Court has made clear that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33, 112 S.C. at 1733. Courts must construe in forma pauperis complaints liberally, particularly in the context of a § 1915(e) dismissal, but are given broad discretion in determining when such complaints are frivolous. See *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

**B.    HPD is Not a Legal Entity Capable of Being Sued Apart from the City**

There is no separate legal entity call the "Harlingen Police Department." As the name proves, it is a department of the City; it is not a unit of local government or a legal entity in its own right. *Maxwell v. Harvey,* 815 F.Supp. 213, 215 (S.D.Tex. 1993); *Rolen v. City of Brownfield,* 2004 WL 833366, *4 (N.D.Tex. 2004); *Hutchison v. Brookshire Bros., Ltd.,* 205

F.Supp.2d 629, 635 (E.D.Tex. 2002).

**C.     Complaint Fails to State A Claim Under Section 1983**

      1.     <u>18 U.S.C. section 242 Does Not Permit a Private Remedy</u>

Flowers alleges the Defendants violated criminal statute 18 U.S.C. §242. Dkt #1, p.

4. Section 242 is a criminal statute; it affords no private remedy via 42 USC section 1983.

*Cos v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Henry v. Albuquerque Police Dept.,* 49 Fed.

Appx. 272, 273 (10th Cir. 2002)[unpublished]; *Cooper v. Short,* 53 F.3d 327, *1 (1st Cir.

1995)[unpublished]; *Pope v. Thornburgh,* 978 F.2d 744, *1 (D.C. Cir. 1992)[unpublished];

*Rockefeller v. U.S. Court of Appeals Office, Tenth Circuit,* 248 F.Supp.2d 17, 23 (D.C.

2003).

      2.     <u>Complaint Fails to Allege An Arrest Without Probable Cause</u>

A claim of "false arrest" (i.e., claim of arrest without probable cause) falls under the

Fourth Amendment. *Blackwell v. Barton,* 34 F.3d 298, 302 (5th Cir. 1994).

An arrest or detention may be unlawful if it is accomplished without due process of

law as required by the United States Constitution. See *Baker v. McCollan*, 443 U.S. 137,

144-45 (1979). Police officers are thus required under the Fourth Amendment to make a

determination of probable cause before performing a custodial arrest. *See Martin v. Thomas,*

973 F.2d 449, 453 (5th Cir.1992); *Fields v. City of S. Houston*, 922 F.2d 1183, 1189 (5th

Cir.1991). An officer has probable cause to arrest if, at the time of the arrest, he had

knowledge that would warrant a prudent person's belief that the person arrested had already

committed or was committing a crime.  See *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir.1989).

"Probable cause to arrest exists 'where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed." *United States v. Lee*, 962 F.2d 430, 435 (5th Cir.1992) (quoting *United States v. Preston*, 608 F.2d 626, 632 (5th Cir.1979)). "Probable cause must be judged not with the logic of cold steel, but with a common sense view to the realities of everyday life." *Id.* at 435 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).  "The existence of probable cause is not determined by reference to a precise formula.  Instead, probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir.1998) (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir.1996)).  The court is to examine the totality of the circumstances to determine whether probable cause existed. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir.2000). "'[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

"[A] peace officer who arrests someone with probable cause is not liable for false

11

arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray,* 386 U.S. 547, 555 (1967). The Constitution does not guarantee an error free investigation or that only the guilty will be arrested. *Baker,* 443 U.S. at 145-46; *Sanchez v. Swyden,* 139 F.3d 464, 468 (5th Cir. 1998).

Shortly after this incident, Flowers was arrested for SR violations, plead true to the allegations, and found guilty. Although Defendants do not know the exact charges, against Plaintiff, they suspect the charges included the event in question. An adjudication about the underlying events may operate to collaterally estoppel the plaintiff in a section 1983 case. *Haring v. Prosise,* 462 U.S. 306, 313 (1983); 28 U.S.C. §1738. A section 1983 claim is not an appropriate vehicle to challenge the validity of a criminal adjudication. *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Assuming the SRT complaint included these events, the finding of guilt establishes probable cause to arrest Flowers. *Hudson v. Hughes,* 98 F.3d 868, 871-73 (5th Cir. 1996).

In any event, the Complaint does not affirmatively allege specific facts showing lack of probable cause. *Compare Morgan v. City of Waco,* 2002 WL 324298, *3 (N.D.Tex. 2002) [unpublished]. There, plaintiff sued various police officers under section 1983 for arrest and prosecution without probable cause in violation of the Fourth Amendment. *Id.* at *1. He alleged that he was arrested without probable cause by three officers and that each acted malice. *Id.* at *3. The district court adopted the magistrate's findings that these allegations were too conclusory and ordered plaintiff to replead entirely. *Id.* at *1, 3.

Also, Flowers pleads facts showing probable cause existed. Flowers admit he told the officers about his Second Amendment rights, i.e., a right to firearms possession. It would be a crime for him to possess a firearm because he was a felon on SR. 18 U.S.C. §922(g)(1); TEX. PENAL CODE ANN. §46.04 (Vernon Supp. 2004). Thus his lecture to the officers about his "Second Amendment rights" gave them probable cause to arrest, i.e., some evidence to believe he possessed a firearm.

### 3.    Complaint Fails to Allege Use of Excessive Force to Arrest

An "excessive force" claim falls under the Fourth Amendment and pertains to the amount of forced used to apprehend. *Graham*, 490 U.S. at 394. Claims about the arrestee's treatment during custody falls under Substantive Due Process. See below at p. 16.

A claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999), *reh. denied at* 186 F.3d 633(5th Cir. 1999). The plaintiff must suffer some injury, one that is more than *de minimus*. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *Williams*, 180 F.3d at 703. Whether an injury caused by excessive force is more than *de minimus* must be judged by the context in which that force is deployed. *Williams*, 180 F.3d at 704; *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

Here Flowers does not allege that the process of arrest injured him. There is nothing about what force was used to seize his person or that seizing him physically caused him any

13

injury. Simply surrounding his house did not injure him, much less cause an injury out of proportion to that which might result from the use of reasonable force.

### 4.    Complaint Fails to Allege Fifth Amendment Violation

It is not entirely clear what acts Flowers claims violated the Fifth Amendment. He does not allege that he made any statements to the police, that he was not given his *Miranda* warnings, or that any statement was used to prosecute him much less that it was used in any proceeding to convict him.

Mere custodial interrogation without providing *Miranda* warnings is not a basis for a section 1983 claim. *Martinez v. Chavez*, 538 U.S. 760, 770-73, 778, 123 S.Ct. 1994, 2003-4, 2007 (2003); *Renda v. King,* 347 F.3d 550, 558 (3rd Cir. 2003). Likewise, there is no violation if Flowers was not prosecuted for that offense or the statements were not used to convict him. *Chavez,* 538 U.S. at 770-73, 778, 123 S.Ct. at 2001-4, 2007; *Gibson v. Picou,* 2004 WL 1245290, * 3 (7th Cir. 2004)[unpublished]; *Manzanares v. Isenberg,* 2003 WL 21529430, *2 (N.D.Tex. 2003); *Webster v. State of Texas,* 2004 WL 555636, *1 (N.D.Tex. 2004).

A claim that custodial officers used physical violence to compel a confession, if it is actionable at, would lie under the Fourteenth Substantive Due Process. *Gibson,* 2004 WL 1245290 at * 3; see *Chavez,* 538 U.S. at 772-3, 779, 123 S.Ct. at 2004, 2008.

Therefore, Flowers wholly fails to allege a section 1983 claim for Fifth Amendment violations. He does not allege Defendants obtained a statement or that it was used to convict

him.

### 5.    Complaint Fails to Allege a Sixth Amendment Violation

Flowers' Sixth Amendment claim is baffling. The Sixth Amendment provides a right to a speedy, public trial, to confront the witnesses against him, compulsory process for favorable witness, and assistance of counsel. Flowers does not explain how Defendants deprived him of those rights; he does not even allege that he was prosecuted for anything related to arrest.

If Flowers's claims refer to this Court's revocation of his SR, then a Sixth Amendment claim is frivolous. He was provided an experienced federal public defender and came to trial on the SRT with a few months. He plead "true" which waived witness confrontation, etc. Moreover, Defendants had nothing to do with the conduct of the federal proceedings and therefore could not have caused any Sixth Amendment violation.

### 6    Complaint Fails to Allege a Eighth Amendment Violation

Presumably, Flowers's alleged Eighth Amendment violations refer to the alleged interrogation and post-arrest conduct of the officers. Flowers was a pretrial detainee, not a convicted inmate. The Eighth Amendment applies only to convicted inmates. *Bell v. Wolfish,* 441 U.S. 520, 523 (1979). "We highlight the distinction between pretrial detainees and convicted prisoners because the due process clause of the Fourteenth Amendment accords pretrial detainees rights not enjoined by convicted inmates under the Eighth Amendment protection against cruel and unusual punishment." *Cupit v. Jones,* 8 F2d 82, 84

(5th Cir. 1987) *citing Jones v. Diamond*, 636 F2d 1364, 1368 (5th Cir. 1981) (enbanc),

*overruled on other grds.*, 790 F2d 1174 (1986).

7.    Complaint Fails to Allege a Fourteenth Amendment Substantive Due Process
      Violation

The constitutional rights of pre-trial detainees flow from procedural and substantive

due process. *Hare v. City of Corinth, MS*, 74 F.3d 633, 639 (5th Cir. 1996)(en banc). A claim

of physical coercion to get a confession may trigger a Substantive Due Process Claim.

*Chavez*, 538 U.S. at 774, 779, 123 S.Ct. at 2004, 2008.    Mere verbal abuse during

interrogation or detention does not present an actionable section 1983 claim; mere

threatening language and gestures by custodial officers do not amount to a Constitutional

violation. *Bender v. Brumley*, 1 F.3d 171, 274 n.1 (5th Cir. 1993); *McFadden v. Lucas*, 713

F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983); *Spicer v. Collins*, 9

F.Supp.2d 673, 683 (S.D.Tex. 1998); see also *Gibson*, 2004 WL 1245290 at *3.[2]

A Substantive Due Process claim has a threshold requirement that the acts must shock

the conscience. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *S.S. v. McMullin*,

225 F.3d 960, 964 (8th Cir. 2000)(en banc), *cert. denied*, 532 U.S. 904 (2001); *Chavez*, 538

U.S. at 774, 123 S.Ct. at 2005 (Thomas, J., Concurring); *Sutton v. Utah State School for Deaf

and Blind*, 173 F.3d 1226, 1238 (10th Cir. 1999). This standard requires conduct that is an

abuse of governmental power or is so brutal and offensive that it cannot comport with

---

[2] Also, Flowers' allegation that the officers' slander/defamation caused ridicule fails to allege a
deprivation of liberty or property. *Mowbray v. Cameron County,* 274 F.3d 269, 277 (5th Cir. 2001).

16

traditional ideas of fair play and decency. *Lewis,* 523 U.S. at 846, 847. Deliberate indifference may shock the conscience depending on the level of indifference and opportunity for calm deliberation prior to action. *Id.* at 850. However, negligence is not enough. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *S.S.,* 225 F.3d at 964. Gross negligence and recklessness do not meet even the test for "shock the conscience." *S.S.,* 225 F.3d at 964.

Therefore, any Substantive Due Process claim fails. He does not allege facts showing that physical violence was done to him during custody. He pleads legal conclusions, but not facts. Likewise, he pleads no facts showing the officers' actions were deliberately indifferent or "conscience shocking."

       8.    Complaint Fails to Allege a Fourteenth Amendment Procedural Due Process Violation

It is not clear that Flowers is making a Procedural Due Process claim. Assuming *arguendo* his complaint can be tortured into asserting one, it fails. First, he has alleged no facts showing intentional deprivation. *Daniels* 474 U.S. at 332. Second, he has not alleged facts showing that his state law post-deprivation remedies are inadequate. *Parratt v. Taylor,* 451 U.S. 527 (1981); *Hudson v. Palmer,* 468 U.S. 517 (1984).

**D.**    **Complaint Fails to Allege that Constitutional Violations Resulted from a City Policy**

Under 42 U.S.C. §1983, the City is not vicariously liable for the acts of its employees. *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978). To hold the City

17

liable, a final policymaker for the police department must have adopted a "policy" with deliberate indifference to its known or obvious consequences; the policy must be the moving force behind the violation. *Bd. Of County Comm. Of Bryan County v. Brown,* 520 U.S. 397, 404-5 (1997). A failure to have a policy is not enough, unless the failure amounts an intentional choice, not merely an unintended oversight. *City of Canton v. Harris,* 489 U.S. 378, 389 (1989); *Doe v. Dallas I.S.D.,* 153 F.3d 211, 217 (5th Cir. 1998). Moreover, the policy must be unconstitutional on its face or adopted with deliberate indifference to the certainty that a constitutional violation will result. *Snyder v. Trepagnier,* 142 F.3d 791, 795-96 (5th Cir. 1998), *cert. dism'd,* 526 U.S. 1083 (1999); *Gonzalez v. Ysleta I.S.D.,* 996 F.2d 745, 754-60 (5th Cir. 1992). To survive a Rule 12(b)(6) challenge, the complaint must state facts, not mere conclusions, describing the policy and its relation to the constitutional violation. *Spiller v. City of Texas City,* 130 F.3d 162, 167 (5th Cir. 1997); *Casanova v. City of Brookshire,* 119 F.Supp.2d 639, 657 (S.D. Tex. 2000).

Here, Flowers alleges only that the City and HPD violated the Constitutional rights by "fostering policy which resulted in" the alleged violations. "Fostering" is not the standard. There must be an active, deliberate decision to adopt a course of action that will certainly result in a deprivation of Constitutional rights.

## E.   Claims Against Mayor and Blake Individually

The Complaint gives Mayor de la Garza and Blake no idea how they are involved in the event. They have no vicarious liability under section 1983 for their subordinates' actions.

*Cozzo v. Tangipahoa Parish Council*, 279 F.3d 263, 286 (5th Cir. 2002).  The Complaint fails  to state any facts showing they violated the Constitution.  Until Flowers pleads something specific, they cannot show how their actions were reasonable and did not violate clearly established law.

## F.    Complaint Does Not Allege Facts Showing a Waiver of Sovereign Immunity Against State Law Claims

Unless Flowers can allege facts within the application of the limited waiver of immunity set forth in the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997), the City is entitled to sovereign immunity.  *Dallas County Mental Health and Retardation v. Bossley,* 968 SW2d 339, 341 (Tex. 1998).  To prove a waiver of immunity under the TTCA, Flowers must allege bodily injury that was caused by either (1) a City employee's negligent use of a motor driven piece of equipment, or (2) a use or condition tangible personal or real property that would make the City liable were it a private person.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon Supp. 2004).  *Kesler v. King,* 29 F.Supp.2d 356, 375 (S.D.Tex.1998).  In order to hold the City liable under the TTCA, the Plaintiff's injuries must have been proximately caused by the operation or use of a motor-driven vehicle or motor-driven equipment or by a condition or use of tangible real or personal property.  *See Bossley v. ,* 968 S.W.2d at 342; *Dupre v. Dallas County Hosp. Dist.,* 8 F.Supp.2d 908, 927 (S.D.Tex. 1998).[3]

---

[3] The alleged "official capacity" claims against the Mayor and Blake are really claims against the City; thus, governmental immunity applies to bar "official capacity"

19

There is no waiver of immunity for intentional torts, e.g., assault, battery, etc. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon Supp. 1997). Flowers alleges trespass, assault, battery, slander, etc. Therefore, his state law claims are barred by sovereign immunity. *See Paz v. Weir,* 137 F.Supp.2d 782, 821 (S.D.Tex. 2001)(sexual assault); *Kellough v. Bertrand,* 22 F.Supp.2d 602, 612 (S.D.Tex. 1998)(false arrest and excessive force); *City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (false arrest and excessive force); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 266-67 (Tex. App.–Corpus Christi 1975, writ ref'd n.r.e.). Simply calling the acts "negligent" will not change the result, when the negligent conduct is the intentional tort. *See Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001); *Paz,* 147 F.Supp.2d at 641.

**G.    Any State Law Claims Against Individual Defendants Must be Dismissed**

TTCA section 101.106(a) provides that a suit against the governmental entity is an election of remedies and forever bars suit or recovery against the individual employee of the entity regarding the same subject matter. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (Vernon Supp. 2004). Therefore, because Flowers sued the City, his state law claims against

---

claims under state law. *Holland v. City of Houston,* 41 F.Supp. 2d 678, 716 (S.D.Tex. 1999). Under Texas law, claims against the official in his *individual* capacity are subject to the defense of "official immunity", but not the defense of sovereign immunity. *Holland,* 42 F.Supp.2d at 716.  In essence, the *official capacity* claim is against the governmental unit, i.e., the City.

Mayor de la Garza and Blake are barred.

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, and CHIEF BLAKE pray that upon submission of this motion, the Court dismiss the complaints of Plaintiff, or require that he make further reply under Federal Rule of Civil Procedure 7, and for such other and further relief to which they may show themselves entitled.

Respectfully submitted,

By:_____

TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No.  5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone 956/428-7495; Fax  956/428-2954

Attorneys for Defendants CITY OF HARLINGEN, HARLINGEN POLICE DEPT., CONNIE DE LA GARZA, AND CHIEF BLAKE

21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 7 th day of July 2004, to the following counsel of record and interested parties:

Attorney for Plaintiff John Flowers:

John Leonard Flowers                          *CM/RRR 7003 2260 0000 0440 3531*
Reg: 76937-079
P.O. Box 26030
Beaumont, Texas 77720-6030

TOM LOCKHART

22