UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN LEONARD FLOWERS, JR. § | | |
| Plaintiff § | | |
| § | | |
| V. § | | CASE NO. B-04-085 |
| § | | |
| CITY OF HARLINGEN, CONNIE DE § | | |
| LA GARZA MAYOR, HARLINGEN CITY § | | |
| POLICE DEPARTMENT, CHIEF BLAKE § | | |
| AND XYZ INSURANCE CO. § | | |
| Defendants § | | |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR EXTENSION OF TIME AND
FOR ATTORNEY/DEFENDANTS TO SURRENDER RECORDS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, AND CHIEF BLAKE and file their DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME AND FOR ATTORNEY/DEFENDANTS TO SURRENDER RECORDS, and would show this Court as follows:

**I. Status**

Defendants moved to dismiss under Rule 12(b) and 28 U.S.C. §1915(e)(2)(B). Dkt # 6. The Court ruled that Plaintiff's complaint was "confusing and lacking in legal substance," and ordered him to amend his complaint no later than October 15, 2004. Dkt # 7.

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext                                                                                              Page 1 of 6

On October 1, 2004, Plaintiff moved for (1) a ninety (90) day extension of time to amend, i.e., until January 13, 2005; and (2) "surrender" various documents. Dkt # 9.

## II.

Defendants wish the Court note that Plaintiff's latest pleadings fail to contain a certificate of service; Plaintiff is not sending copies of his motions, etc., to Defendants' attorney of record. The court should admonish him to comply with the rule regarding service.

Also, Plaintiff's motion (dkt # 9) states he has moved from the prison to some address in Brownsville. However, he has not favored the court or opposing counsel with his new address. He should be advised to file a formal notice of address change so that the case may proceed without delays caused by his self-imposed lack of notice.

## III. Extension of Time

Defendants do not oppose a reasonable extension of time to amend the complain. However, 90 days is unreasonable under the circumstances.

First, the only reason given is limited access to a legal library at his current address. The Federal Rule of Procedure 8(a)(2) requires only a "short and plain statement of the claim." Because Flowers seems to complain of events that occurred in his presence, compliance with Rule 8 should not be very difficult. Moreover, his motion suggests that he was transferred to Brownsville on or about August 24, 2004. He did not respond to Defendants' Rule 12(b) motions, though the deadline to respond was July 27, 2004. Because

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext                                                                                  Page 2 of 6

he did not avail himself of the prison library to favor the court with a reply to Defendants' Rule 12(b) motion, the court may infer that his current situation is not an impediment to redrafting his complaint.

Defendants urge that his deadline be extended by no more than 30 days.

### IV.  Plaintiff's "Surrender" Request

Plaintiff is apparently under the misapprehension that discovery in a civil suit proceeds by requesting orders for discovery from the court.  First, the discovery period has not begun and Plaintiff has not invoked any discovery procedures.  Second, any discovery should be abated until the individual immunity claims are resolved.  Third, the requests are so poorly defined that Defendants cannot determine to what they refer.

A.   <u>Discovery has not begun and Plaintiff has not sent Requests for Production</u>

In a civil suit, discovery of tangible evidence proceeds by serving requests for production on the party.  FED. R. CIV. P. 26(b, d), 34.  The court does not get involved until a party fails to respond or comply with a proper request.  FED. R. CIV. P. 37.  Plaintiff has not served requests for production on Defendants.

Next, absent a court order or agreement, Plaintiff cannot seek discovery before the parties have a Rule 26(f) conference.  FED. R. CIV. P. 26(d).  Because the court has not issued an initial scheduling order, required the parties to confer, or set a scheduling conference, the deadline for the parties to confer under Rule 26(f) has not occurred; the parties have not had a Rule 26(f) conference.  Therefore, Plaintiff is not entitled to conduct discovery at this time.

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext                                                                                                    Page 3 of 6

Finally, there is no good cause to permit discovery before the Rule 26(f) conference. Because Plaintiff's apparent complaints involve events that occurred in his presence, he does not need discovery to allege his grounds to sue. The court has determined that his complaint is "confusing and lacking in legal substance." It is patently unjust for Plaintiff to be permitted discovery when his complaint does not yet satisfy Rule 8(a)(2). The court cannot determine what might be relevant discovery until he alleges a claim the court can understand. Also, the individual defendants have asserted qualified immunity. Dkt # 6.

B.  <u>Individual defendants are entitled to protection against discovery</u>.

The individual defendants have asserted qualified immunity via a Rule 12(b)(6) motion. Dkt # 6. Discovery should be abated until Plaintiff pleads sufficient facts to defeat their assertion of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

C.  <u>Plaintiff's request is too vague</u>.

Plaintiff's requested discovery is so vague the court should deny it or require he be specific. His motion, p. 2, asks the court order "defendant(s)/attorney, surrender all records, interviews, documents and affidavides [sic] given by each defendant(s) in this civil action." Dkt # 9, p. 2. The prayer at page 3 requests an order that "defendant(s) surrender attorney/client recorded telephone call(s), affidavites [sic], interviews, documents given by each defendant(s) to Plaintiff." Dkt # 9, p. 3.

First, this request is so vague that it is not limited to any relevant issue in this case. It is basically a "dragnet" request to simply give Plaintiff "everything." Again, this is not

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext                                                                                                Page 4 of 6

a criminal proceeding. Discovery requests must be relevant to the subject matter of the suit. FED. R. CIV. P. 26(b)(1). A request must set forth the individual item to be produced. FED. R. CIV. P. 34(b).

Second, on its face, it requests documents that are protected/privileged work product, or attorney-client communications, and law enforcement records. FED. R. CIV. P. 26(b)(3); TEX. R. EVID. 503; FED. R. EVID. 501; *In re Dept. of Investigation of N.Y. C.*, 856 F.2d 481, 483-84 (2nd Cir. 1988). To the extent anyone can figure out what Plaintiff requests, ostensibly he seems to ask for (1) recorded conversations between defendants and their counsel, (2) statements and documents generated in anticipation or in connection with his lawsuit, and (3) statements and documents generated in preparation for or in connection with his prosecution in state court.

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, and CHIEF BLAKE pray that deny Plaintiff's motion.

          Respectfully submitted,

          By: /s/ *Roger W. Hughes*
              ROGER W. HUGHES
              State Bar No. 10229500
              Fed. I.D. No. 5950
              TOM LOCKHART
              State Bar No. 12473500
              Fed. I.D. No. 2257

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext   Page 5 of 6

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone 956/428-7495; Fax 956/428-2954

Attorneys for Defendants CITY OF HARLINGEN, HARLINGEN POLICE DEPT., CONNIE DE LA GARZA, AND CHIEF BLAKE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 12th day of October 2004, to the following counsel of record and interested parties:

John Leonard Flowers
Reg: 76937-079
P.O. Box 26030
Beaumont, Texas 77720-6030

*CM/RRR 7003 0500 0002 3732 3904*

John Leonard Flowers
Reg: 76937-079
REALITY HOUSE
405 E. Washington
Brownsville, Texas 78520

Via Ordinary Mail

/s/  *Roger W. Hughes*
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiffs' Motion for Extension of Time and for Order for Attorney/Defendants to Surrender Records
[10-fmg] C:\Files\H\H1108\Motions\Response on Mtn4Ext
Page 6 of 6