UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN LEONARD FLOWERS, JR. § | | |
| Plaintiff § | | |
| § | | |
| V. § | | CASE NO. B-04-085 |
| § | | |
| CITY OF HARLINGEN, CONNIE DE § | | |
| LA GARZA MAYOR, HARLINGEN CITY§ | | |
| POLICE DEPARTMENT, CHIEF BLAKE § | | |
| AND XYZ INSURANCE CO. § | | |
| Defendants § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT ATTORNEY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, AND CHIEF BLAKE and file their DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO APPOINT ATTORNEY, and would show this Court as follows:

**I. Status**

Defendants moved to dismiss under Rule 12(b) and 28 U.S.C. §1915(e)(2)(B). Dkt #6. The Court ruled that Plaintiff's complaint was "confusing and lacking in legal substance," and ordered him to amend his complaint no later than October 15, 2004. Dkt #7.

On October 1, 2004, Plaintiff moved for appointment of counsel to represent him or

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                                                Page 1 of 9

for "stand by" counsel. Dkt # 10.

## II.

Defendants wish the Court note that Plaintiff's latest pleadings fail to contain a certificate of service; Plaintiff is not sending copies of his motions, etc., to Defendants' attorney of record. The court should admonish him to comply with the rule regarding service.

Also, in another motion (dkt # 9), Plaintiff states he has moved from the prison to some address in Brownsville. However, he has not favored the court or opposing counsel with his new address. He should be advised to file a formal notice of address change so that the case may proceed without delays caused by his self-imposed lack of notice.

## III.

Plaintiff does not state on what authority he is entitled to have the Court appoint him counsel. Presumably, he relies on 28 U.S.C. §1915(e)(1) which provides: "The court may request an attorney to represent any person unable to afford counsel."

**A.   Section 1915(e)(1) authorizes only a request, not an "appointment."**

A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982). Section 1915(e)(1) does not permit the Court to require an unwilling attorney to represent an indigent litigant. *Mallard v. U.S. District Court for the Southern Dist.,* 490 U.S. 296, 299, 310 (1989). At best, section 1915(e)(1) authorizes the Court to make a proper request which confronts a lawyer with an

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                           Page 2 of 9

ethical decision, but it does not permit sanctions if counsel declines. *Id.* at 308. A lawyer cannot be conscripted into a section 1983 case, but the court may grant counsel the opportunity to assist under the authority of an appointment. *Ulmer,* 691 F.2d at 213.

Therefore, the Court may not "appoint" counsel; it may only request attorneys consider representing Plaintiff.

**B.     Plaintiff must show why he cannot obtain counsel.**

Section 1915(e)(1) permits the request if the movant is "unable to afford counsel." Thus, there is a threshhold issue of Plaintiff's efforts to secure counsel, i.e., whether he has been diligent in making reasonable efforts to obtain counsel. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Ulmer,* 691 F.2d at 213 (the district court may require plaintiff advise what effort has been made to secure private counsel).

Plaintiff has not explained why he is unable to obtain counsel. His case does permit a successful plaintiff recover attorneys fees and expenses. 42 U.S.C. §1988. He has recently advised he is in a local half-way house. It would be prudent to require he explain why he has been unable to secure private counsel in Brownsville under those circumstances.

**C.     Plaintiff must prove that his case is exceptional.**

The court is not required to "appoint" counsel under section 1915(e)(1) unless the case presents exceptional circumstances. *Ulmer,* 691 F.2d at 212; *Romero v. Becken,* 256 F.3d 349, 353-54 (5th Cir. 2001). This is a discretionary decision on whether appointing counsel would advance the administration of justice. *Ulmer,* 691 F.2d at 213. The factors

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                                                                          Page 3 of 9

the Court may consider include:

- the type and complexity of the case

- whether Plaintiff is capable of adequately presenting his case

- whether Plaintiff can investigate his case adequately

- whether there is conflicting evidence such that Plaintiff will need trial skills to present and cross-examine evidence

- whether counsel will assist in simplifying issues and shortening trial.

*Ulmer,* 691 F.2d 213; *Romero,* 256 F.3d at 354. The Court may require Plaintiff fill out a questionnaire on these issues. *Romero,* 256 F.3d at 354.

**D.    This is not an exceptional case.**

Plaintiff puts the cart before the horse. Until he repleads, it is extraordinarily difficult for the Court to determine if he has a case, much less a case that would benefit from the assistance of counsel. The Court indicated that his current pleading is "confusing and lacking in legal substance." Dkt #7. Until he states the facts supporting his claims, the Court cannot determine if his case is "exceptional."

Moreover, it is not likely the case is complex or that the administration of justice will be best served by an appointment. The undisputed facts will remove most of the apparent complexity.

This case arises from Mr. Flowers arrest in Harlingen in August 2003 that may have resulted in proceedings in this court to terminate his supervised release ("SR"). See *United*

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                      Page 4 of 9

*States v. Flowers,* Cause No. 98-CR-257, Dkt #87 (Nov. 17, 2003) in the USDC for the Southern District of Texas [*Flowers* I].

Flowers alleges that on August 24, 2003, HPD officers came to his house, insulted him, surrounded his house, arrested him, and interrogated him. About the only specific facts he alleges are that:

-HPD officers knocked on the door to his bedroom,

-he asked them to leave after informing them of his 2nd Amendment right and advising them they were trespassing,

-they ordered him to come out,

-a SWAT team surrounded his house,

-a SWAT officer challenged him to fight using vulgar words,

-HPD officers then entered his room and arrested him, and

-HPD officers "battered" him.

He alleges:

- excessive force by surrounding his house, entering his room, and arresting him. Dkt #1, p 5A.

- Violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Dkt #1, p. 5B.

- Violation of Due Process. Dkt #1, p. 5C.

- Violations of 18 U.S.C. §242. Dkt #1, p. 4

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                                                                   Page 5 of 9

- Arrest without probable cause or warrant. Dkt #1, p. 4.

Mr. Flowers was on federal SR from a marijuana trafficking conviction based on a plea of guilty. *Flowers* I, dkt # 24 (Sept. 29, 1998). The Hon Judge Janice Jack sentenced him to 40 months, with 3 years SR. *Flowers* I, dkt #40 (Dec. 21, 1998). In 2002, Judge Jack found violations of SR and sentenced him to 12 months, and two years SR. *Flowers* I, dkt # 72 (Febr. 27, 2002).

On the day in question, Mrs. Flowers summoned the HPD because Plaintiff had been partying all night, had become drunk and high on drugs, and had threatened her. When the officers arrived, Plaintiff refused to leave his bedroom and told the officers he would hurt them if they did not leave. He then turned his stereo up so as to drown out all further discussion. His wife then allowed the officers to shut off the power so as to make conversation possible.

Flowers became even more upset at the silence, told the officers to leave, and that he had a gun. Officers heard something inside like Flowers was readying a weapon. The SWAT team was summoned and Mr. Flowers was arrested.

Flowers was arraigned in state court on the charge of terrorist threat, a violation of Texas Penal Code 22.07(A). A petition to revoke his federal SR was filed and the federal district court issued a warrant for his arrest. *Flowers* I, dkt # 78 (Aug. 25, 2003).

On October 31, 2003, he appeared in Cameron County Court at Law No. 3 and plead "no contest" (or *nolo contendere*) to a charge of terroristic threat on a police officer. Exhs.

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                              Page 6 of 9

1, 3. His written plea [Exh. 2] states that he waived the assistance of counsel and the right to a jury trial. Based upon his plea, he was found guilty. Exh. 3.

His federal SR termination case was transferred to the Brownsville division before the Hon. Judge Hilda Tagle. *Flowers* I, dkt # 83 (Nov. 6, 2003). He was arraigned on charges that he violated the terms of his SR; the magistrate judge appointed the FPD to defend him. *Flowers* I, dkt # 80, 81 (Nov. 4, 2003). On November 17, 2003, he plead "true" to the alleged SRT allegations before Judge Tagle, was found guilty, and sentenced to 12 months. *Flowers* I, dkt # 87.

Given his pleas and conviction, Plaintiff's case will be uncomplicated. His arrest-without-probable-cause claim will be barred by his pleas and conviction. *Haring v. Prosise,* 462 U.S. 306, 313 (1983); 28 U.S.C. §1738; *Hudson v. Hughes,* 98 F.3d 868, 871-73 (5th Cir. 1996). Because he "plead out," no evidence was used to convict him so he has no Fifth Amendment claims. *Chavez v. Martinez*, 538 U.S. 760, 770-73, 778, 123 S.Ct. 1994, 2003-4, 2007 (2003); *Gibson v. Picou,* 101 Fed. Appx. 154, 157 (7th Cir. 2004)[unpublished]; *Manzanares v. Isenberg,* 2003 WL 21529430, *2 (N.D.Tex. 2003); *Webster v. State of Texas,* 2004 WL 555636, *1 (N.D.Tex. 2004). He waived counsel in state court and received counsel in federal court. He thus has no Sixth Amendment claims. Flowers was a pretrial detainee, not a convicted inmate. He has no Eighth Amendment claims. *Bell v. Wolfish,* 441 U.S. 520, 523 (1979).

The remaining claims are simple and straightforward; they will not be exceptional

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty          Page 7 of 9

under *Ulmer*.

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, and CHIEF BLAKE pray that the Court deny Plaintiff's motion.

Respectfully submitted,

By: /s/ *Roger W. Hughes*
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950
TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone 956/428-7495; Fax 956/428-2954

Attorneys for Defendants CITY OF HARLINGEN, HARLINGEN POLICE DEPT., CONNIE DE LA GARZA, AND CHIEF BLAKE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 13th day of October 2004, to the following counsel of record and interested parties:

John Leonard Flowers                                                     *CM/RRR 7003 0500 0002 3732 3973*
Reg: 76937-079
P.O. Box 26030
Beaumont, Texas 77720-6030

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                                 Page 8 of 9

John Leonard Flowers                                                                 Via Ordinary Mail
Reg: 76937-079
REALITY HOUSE
405 E. Washington
Brownsville, Texas 78520


                                        /s/   *Roger W. Hughes*
                                        ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
Defendants' Response to Plaintiff's Motion to Appoint Attorney
[10-fmg] C:\Files\H\H1108\Motions\ResponseMtn2ApptAtty                                        Page 9 of 9