UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 8 2004

Michael N. Milby
Clerk of Court

---

MOTION TO ANSWER DEFENDANTS DISMISSAL

---

NO B-04-085

JOHN LEONARD FLOWERS JR.
PLAINTIFF

VS.

JOHN DOE MAYOR CITY OF HARLINGEN, TEXAS
JOHN DOE CHIEF OF HARLINGEN POLICE DEPARTMENT
JOHN DOE CAPTAIN OF HARLINGEN POLICE DEPARTMENT
JOHN DOE LT. OF HARLINGEN POLICE DEPARTMENT
JOHN DOE(S) OF SWAT HARLINGEN POLICE DEPARTMENT
AND XYZ INSURANCE CO
DEFENDANTS

BY: JOHN LEONARD FLOWERS
1117 SOUTH "D" ST.
HALRINGEN, TEXAS 78550

## TABLE OF CONTENTS

ADDRESS THE COURT----------------------------------------------------------

CITED CASES---------------------------------------------------------------

ISSUE---------------------------------------------------------------------

MISUSE OF POWER-----------------------------------------------------------

WARRANTLESS ARREST-------------------------------------------------------

IMMUNITY-----------------------------------------------------------------

CONCLUTION---------------------------------------------------------------

CERTIFICATE OF SERVICE---------------------------------------------------

## CITED CASES & STATUES

REVISE STATUES 1979 (42 U.S.C. 1983)

MORE vs PAPE 365 U.S. 167, 5 L.E.D. 2ND 492

BECK vs OHIO 377 U.S. 89, (1964)

BRINEGAR vs U.S. 338, U.S. 160 175-176 (1949)

WONG SUN 371 U.S. 47 479 (1963)

U.S. vs WATON 423 U.S. 411 423, (1976)

MASSACHUSETTS vs UPTON 466 U.S. 727, 734 (1984)

CARLOOK vs STATE 609 S.W. 2ND 787 790

HUTSELL vs SAYRE 5 F.3RD 996 [ 6TH CIR 1993 ]

U.S.C.A. CONST. AMENT. 4:42 U.S.C.A. 1983

HILL vs MCINTYRE 884 F. 2ND 271-275 [6TH CIR 1989]

PIERCE vs SMITH 117 F3RD 866,871

HEATH vs BOYD 141 TEX 569, 175S.W. 2ND 214 [1943]

GIACONA vs STATE 164 TEX CIR. R. 325, 298 S.W. 2ND 587,589 [1957]

MILTON vs STATE 549, S.W. 2ND 190

BROWN vs ILLINOIS p. 558

SCHEURER vs RHODES 416 U.S. 232, 94 S.C.T. 1683 40 L.E.D. 2ND 90 [1974]

MOVILLE vs CITY OF LIVE OAK, TEX. 977 F.2ND 929 [5TH CIR 1992]

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW THE PLAINTIFF AND FILES HIS MOTION IN THE FORM OF A LETTER TO ANSWER THE DEFENDANTS MOTION TO DISMISS COMPLAINT.

I ASK THAT THIS HONORABLE COURT TAKE INTO CONSIDERATION THAT PLAINTIFF HASN'T ATTENDED COLLEGE FOR FOUR YEARS FOR A LAW DEGREE, ANOTHER 3 YEARS FOR FORMS PROCEDURES ETC. NOR HAS PLAINTIFF PRACTICED IN THE FIELD FOR 12 YEARS TO BE AN EXPERT IN CIVIL SUITES.

## ISSUE

BEING ON FEDERAL PROBATION HAD NOTHING TO DO WITH SWAT ENTERING THE RESIDDENCE, MAKING A WARRENTLESS ARREST AND UNREASONABLE SEARCH OF THE RESIDENCE. FEDERAL PROBATION DEPT. HAS THEIR OWN INTITY TO HANDLE VIOLATORS IF RULES WERE BROKEN A WARRANT WOULD BE ISSUED. AT THE TIME OF MY ARREST THERE WAS NO WARRANTS FOR FEDERAL PROBATION VIOLATION OR STATE LAW. PLAINTIFF FAMILY AND HIMSELF WERE TOLD BY JOHN DOE POLICE OFFICERS, JOHN DOE SWAT OFFICERS THAT HE HADN'T COMMITTED ANY CRIMES. THERE FORE HOW CAN MY ARREST BE JUSTIFIED, IN HOPES FOR S.R.T.

COMPLAINT BE FILED AGAINST PLAINTIFF WITH OUT CAUSE TO ARREST PLAINTIFF IN THE FIRST PLACE. ALSO QUOTING MY 2ND AMENDMENT RIGHTS & ACTUALLY POSSESSING A FIREARM ARE NIGHT AND DAY. THAT WOULD BE A VIOLATION OF FEDERAL PROBATION. PLAINTIFF HAS A RIGHT TO FREEDOM OF SPEECH, PLAINTIFF HOWEVER CANNOT CONTROL DEFENDANTS INTERPERTATION OF THE 1ST & 2ND ADMENDMENT RIGHTS, AND THERE NEVER WAS ANY EVIDENCE TO BELIEVE THAT PLAINTIFF POSSESSED A FIREARM. I HAVE FAMILY & FRIENDS TO TESTIFY THAT I HAD NO FIREARM, NOR WAS THERE A BULLET FOUND DURING THE UNREASONABLE SEARCH TO WARRANT THAT A FIREARM AND EVEN BEEN ON THE PREMISSES. FURTHERMORE THERE WAS NO REASON GIVEN BY ARRESTING OFFICER THAT HE SAW PLAINTIFF COMMITT OR WAS COMMITTING AN OFFENCE TO RAISE ISSUE FOR PROBABLE CAUSE TO ARREST. SO WHAT WAS PLAINTIFF GUILTY OF ON 8-23-03?, FOR LOCKING HIMSELF IN HIS ROOM AND NOT WANTING TO BE DISTERBED.

### MISUSE OF POWER

THIS MISUSE OF POWER, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE POLICE OFFICERS & SWAT, THE WRONG DOERS ARE CLOTHED WITH THE AUTHORITY OF STATE

LAW IS ACTION TAKEN "UNDER COLOR OF STATE LAW" WITHIN THE MEANING OF REV. STAT. – 1979 (42 U.S.C. 1983, WHICH GIVES A RIGHT OF ACTION AGAINST A PERSON WHO UNDER COLOR OF STATE LAW SUBJECTS ANOTHER TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGE OR IMMUNITIES SECURED BY FEDERAL CONSTITUTION [MORE vs PAPE 365 U/S/ 1678. 5 L. ED 2ND 492 SEE BECK vs OHIO 379 U.S. 89,91(1964);BRINEGAR vs U.S. 338 U.S. 160 175-176(1949); SEE ALSO WONG SUN 371 U.S. 47 479, (1963) [ITS BASIC THAT AN ARREST...MUST STAND ON FIRMER GROUND THAN MERE SUSPICION"]

## WARRANTLESS ARREST

IN U.S. vs WATON 423 U.S. 411 423, (1976) STATES THAT DETERMINING WETHER PROBABLE CAUSE EXITS, COURTS MAY READILY ACCEPT THE JUDGEMENT OF A LAW ENFORCEMENT OFFICER IF BACKED BY A WARRANT ISSUED BY A MAGISTRATE. SEE ALSO MASSACHUSETTS vs UPTON, 466 U.S. 727, 734 (1984) [PER-CURIAM] RESOLUTION OF PROBABLE CAUSE ISSUED IN DOUBT OR MARGINAL CASES SOULD BE DETERMINED LARGELY BY PERFERENCE FOR WARRANTS. A WARRANTLESS ARREST VIOLATES A SUSPECTS FOURTH AND FOURTEENTH AMENDMENT,[U.S.C.A. CONST. AMEND. 4,14] RIGHTS ARRESTING OFFICER LACKED PROBABLE CAUSE TO

BELIEVE THAT PLAINTIFF HAD COMMITED A CRIME UNDER TEXAS LAW. FOR A WARRANTLESS MISDEMEANOR ARREST TO BE VALID OFFICER MUST HAVE PROBABLE CAUSE TO BELIEVE THAT A SUSPECT HAS COMMITED A CRIME IN HIS PRESENCE. IN A SITUATION WHERE A DECISION TO ARREST PLAINTIFF ON PRIVATE PROPERTY PROTECTIVE SWEEP OF ARRESTEE'S RESIDENCE FOLLOWING ARREST MADE INSIDE HOME WAS NOT JUSTIFIED AND VIOLATES ARRESTEE'S FOURTH AMENDMENT. UNDER TEXAS LAW FOR A WARRANTLESS MISDEMEANOR ARREST TO BE FALID THE OFFICER MUST HAVE PROBABLE CAUSE THAT THE ARRESTEE HAD COMMITTED A CRIME IN HIS PRESENCE. CARLOCK vs STATE 609 S.W. 2ND 787,790 ART. 14.01 (B) VERNON 1977 IN HUTSELL vs SAYRE 5 F. 3RD 996 [6TH CIR. 1993] IF POLICE OFFICER OBTAINS WARRANT THROUGH MATERIAL FALSE STATEMENTS MADE EITHER KNOWINGLY OR WITH RECKLESS DISREGARD FOR THE TRUTH HE MAY BE SUED UNDER 1983 FOR FOURTH AMENDMENT VIOLATION. U.S.C.A. CONST. AMEND 4:42 U.S.C.A. 1983 HILL vs MCINTYRE: 884 F. 2ND 271,275 [6TH CIR. 1989] ALSO IN [5TH CIR. 1997] PIERCE vs SMITH 117 F. 3RD 866,871, POLICE ACTION IN CONNECTION WITH ARREST AS VIOLATION OF CIVIL RIGHT ACT. 42 U.S.C. 1983. ARTICLE 1:9 OF THE CONSTITUTION OF TEXAS GUARANTEES THAT "[T]HE PEOPLE SHALL BE SECURED IN THEIR PERSONS…FROM ALL UNREASONABLE SEIZURES." THAT THE CONSTITUTIONAL PROTECTION IS IMPLEMENTED BY STATUTES. IN

TEXAS OUR COURTS, BOTH CIVIL AND CRIMINAL, HAVE CONSISTENTLY SAID THAT THE ARREST OF A CITIZEN WITHOUT WARRANT IS AN UNREASONABLE SEIZURE OF HIS PERSON, UNLESS IT IS EXPRESSLY AUTHORIZED BY STATUE. "HEATH vs BOYD 141 TES 569, 175 S.W. 2ND 214 1943" THE RIGHT TO ARREST WITHOUT WARRANT IS CONFERRED AND CONTROLLED IN THIS STATE ONLY BY STATUTE, WHICH MUST BE CONSTRUED INSUBORDINATION TO THE CONSTITUTIONAL GUARANTEES AGAINST UNREASONABLE SEIZURES., GIACONA vs STATE, 549 S.W. 2ND 190 [TEX. CIR. APP. 1977]

[IN BROWN vs ILLINOIS p. 558 IT IS CLEAR THAT BROWN'S ARREST WAS MADE WITHOUT PROBABLE CAUSE, IT IS THE SAME AS IN THE PLAINTIFFS CASE A CLEAR VIOLATION OF THE FOURTH AND FOURTHTEENTH AMENDMENT.

## IMMUNITY

I ASK THE HONORABLE COURTS TO DENY THE UNNAMED DEFENDANTS IMMUNITY FOR FAILURE TO STATE CLAIM(S) IN SCHEUER vs RHODES, 416 U.S. 232, 94 S.C.T. 1983, 40 L.E.D. 2ND 90(1974) THE SUPREME COURP SAID THAT IF THE DEFENDANT ASSERTS QUALIFIED IMMUNITY, THE COMPLAINT SHOULD GENERALLY NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE ISSUE

OF WHETHER IMMUNITY APPLIES IS A FACTUAL QUESTION RELATED TO THE MERITS ID AT 250, 94, S.C.T. AT 1693. SUPERVISORY OFFICIALS MAY BE HELD LIABLE ONLY IF (1) THEY AFFIRMATIVELY PARTICIPATE IN ACTS THAT CAUSE CONSTITUTIONAL DEPRIVATION: MOVILLE vs CITY OF LIVE OAK, TEX. 977 F. 2ND 929 [5TH CIR 1992]

## CONCLUTION

THAT THIS HONORABLE COURT NOT DENY PLAINTIFF HIS JUSTICE DUE TO HIM DUE TO THE VIOLATIONS STATED IN COMPLAINT & AMENDMENTS. THAT PLAINTIFF BE ALLOWED TO PROCEED FOR JURY TRIAL WITH LEGAL REPRESENTATION, TO SUSSESSFULLY PROVE THAT PLAINTIFF'S COMPLAINT IS NOT FRIVOLOUS AND HAS MERIT. THAT PLAINTIFF BE ALLOWERD TO PRODUCE WITNESSES IN HIS BEHALF. / OR THIS HONORALBE COURT PROCEED FOR JUDGEMENT IN FAVOR OF PLAINTIFF IN THE AMOUNT OF 300,000.00 FOR PUNITIVE DAMAGES RENAMERTIVE DAMAGES FOR LOSS INCOME, DAMAGES TO REPUTATION, PAIN & SUFFERING, COST OF THESE PROCEEDINGS, PLUS LEGAL INTRESS FROM DATE OF JUDGEMENT AND ALL OTHER COST DEEMED NECESSARY AND PROPER BY THIS HONORABLE COURT

JOHN LEONARD FLOWERS JR.
PRO SE
*John J. Flowers Jr.* (signature)
12-27-04
DATE

# CERTIFICATE OF SERVICE

I, John Leonard Flowers, HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOLLOWING:

Motion To Answer Defendants Dismissal

WHICH IS SEEMED FILED AT THE TIME IT WAS DELIVER TO PRISON AUTHORITIES FOR FORWARDING, HOUSTON vs LACK 101 L.ED.2D 245 (1988), UPON THE DEFENDANT(S) AND OR HIS/HER ATTORNEY(S) OF RECORD, BY PLACING SAME IN A SEALED, POSTAGE PREPAID ENVELOPE ADDRESSED TO:

Mr. Michael Milby, Clerk
U.S. District Court
600 East Harrison Room #306
Brownsville, Texas 78520

AND DEPOSITED SAME IN THE UNITED STATES POSTAL MAIL AT THE UNITED STATES POST OFFICE HARLINGEN ON THIS: 27th DAY OF Dec. 04

John L. Flowers Jr.
(NAME)

1117 South D.
(ADDRESS)

Harlingen Texas 78550
(CITY/STATE/ZIP)