UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN LEONARD FLOWERS, JR. | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-085 |
| | § | |
| CITY OF HARLINGEN, CONNIE DE | § | |
| LA GARZA MAYOR, HARLINGEN | § | |
| CITY POLICE DEPARTMENT, CHIEF | § | |
| BLAKE AND XYZ INSURANCE CO. | § | |
| Defendants | § | |

DEFENDANTS' (1) MOTIONS TO DISMISS AMENDED PLEADINGS
UNDER RULE 12(b) FOR FAILURE TO STATE A CLAIM,
(2) MOTION TO DISMISS AMENDED PLEADINGS
BASED ON QUALIFIED IMMUNITY, AND (3) MOTION TO
DISMISS AMENDED PLEADINGS  UNDER 28 U.S.C. §1915(e)(2)(B)(i, ii)

TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No.  5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone 956/428-7495; Fax  956/428-2954

Attorneys for Defendants CITY OF HARLINGEN,
HARLINGEN POLICE DEPT., CONNIE DE LA
GARZA, AND CHIEF BLAKE

# TABLE OF CONTENTS

Page:

I. STATUS OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Flowers' Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    The Rest of The Story . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. ARGUMENT & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.    Are de la Garza, Blake, HPD, and the City still defendants? . . . . . . 7

        2.    Failure to State a Claim Under Rule 12(b)(6) . . . . . . . . . . . . . . . . . 9

        3.    Qualified Immunity Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        4.    Dismissal under Section 1915(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . 11

    B.    Complaint Fails to State A Claim Under Section 1983 . . . . . . . . . . . . . . 12

        1.    18 U.S.C. section 242 Does Not Permit a Private Remedy . . . . . . 12

        2.    Complaint Fails to Allege An Arrest Without Probable Cause . . . 13

        3.    Complaint Fails to Allege Use of Excessive Force to Arrest . . . . . 16

        4.    Complaint fails to allege facts showing a violation of rights
            to counsel under the Fifth or Sixth Amendment . . . . . . . . . . . . . 17

        5.    Complaint Fails to Allege a Fourteenth Amendment
            Substantive Due Process Violation . . . . . . . . . . . . . . . . . . . . . . . . 19

C.     Claims Against Mayor and Blake Individually . . . . . . . . . . . . . . . . . . . . . 21
D.     Complaint Does Not Allege Facts Showing a Waiver of
        Sovereign Immunity Against State Law Claims . . . . . . . . . . . . . . . . . . . . 22

E.     Any State Law Claims Against Individual Defendants
        Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

V.  PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# TABLE OF AUTHORITIES

Page:

Cites:

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998) *aff'd*
    168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Arrington v. County of Dallas,* 970 F.2d 1441
    (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Baker v. McCollan*, 443 U.S. 137 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bender v. Brumley,* 1 F.3d 171 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Blackwell v. Barton,* 34 F.3d 298 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brinegar v. United States*, 338 U.S. 160 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Campbell v. City of San Antonio*, 43 F.3d 973
    (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Carter v. United States,* 547 F.2d 235 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Casiano v. U.S.*, 953 F.Supp. 158 (S.D.Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of San Antonio v. Dunn,* 796 S.W.2d 258
    (Tex. App.–San Antonio 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Cooper v. Short,* 53 F.3d 327 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cos v. Cosentino,* 876 F.2d 1 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*County of Sacramento v. Lewis,* 523 U.S. 833
    (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Cozzo v. Tangipahoa Parish Council*, 279 F.3d 263
(5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Dallas County Mental Health and Retardation v. Bossley,*
968 SW2d 339 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Daniels v. Williams,* 474 U.S. 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Denton v. Hernandez*, 504 U.S. 25 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Devenpeck v. Alford,* 543 U.S. __, 125 S.Ct. 588
(2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Dupre v. Dallas County Hosp. Dist.,* 8 F.Supp.2d 908
(S.D.Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fellers v. United States,* 124 S.Ct. 1019 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Fields v. City of S. Houston*, 922 F.2d 1183 (5th Cir.1991) . . . . . . . . . . . . . . . . . 13

*Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627
(Tex. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Gibson v. Picou,* 101 Fed. Appx. 154
(7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-20

*Gladden v. Roach*, 864 F.2d 1196 (5th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Goodwin v. Johnson,* 132 F.3d 162 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 18

*Graham v. Connor*, 490 U.S. 396 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . 9

*Gutierrez v. City of San Antonio*, 139 F.3d 441
(5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hamilton v. National Propane,* 276 F.Supp.2d 934

(W.D.Wisc. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hare v. City of Corinth, MS,* 74 F.3d 633
(5th Cir. 1996)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Haring v. Prosise,* 462 U.S. 306 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Heck v. Humphrey,* 512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Henry v. Albuquerque Police Dept.,*
49 Fed. Appx. 272 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Holland v. City of Houston,* 41 F.Supp. 2d 678
(S.D.Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 22

*Hope v. Pelzer,* 536 U.S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hudson v. Hughes,* 98 F.3d 868 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hudson v. McMillan,* 503 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hudson v. Palmer,* 468 U.S. 517 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Hutchison v. Brookshire Bros., Ltd.,* 205 F.Supp.2d 629
(E.D.Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ikerd v. Blair,* 101 F.3d 430 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Illinois v. Gates,* 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kaiser v. Garrett,* 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kellough v. Bertrand,* 22 F.Supp.2d 602
(S.D.Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Kesler v. King,* 29 F.Supp.2d 356 (S.D.Tex.1998) . . . . . . . . . . . . . . . . . . . . . . . . 22

*Macias v. Raul A. (Unknown), Badge No. 153,*
23 F.3d 94 (5th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Manzanares v. Isenberg,* 2003 WL 21529430
(N.D.Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Martin v. Thomas*, 973 F.2d 449 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Martinez v. Chavez*, 538 U.S. 760
123 S.Ct. 1994 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-20

*Maxwell v. Harvey,* 815 F.Supp. 213 (S.D.Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 8

*McClendon v. City of Columbia,* 305 F.3d 314
(5th Cir. 2002)(en banc), *cert. denied,*
123 S.Ct. 1335 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*McFadden v. Lucas,* 713 F.2d 143 (5th Cir. 1983),
*cert. denied,* 464 U.S. 998 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*McNeil v. Wisconsin,* 501 U.S. 171 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Meadowbriar Home for Children, Inc. v. Gunn,*
81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mendenhall v. Riser*, 213 F.3d 226 (5th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Morgan v. City of Waco,* 2002 WL 324298
(N.D.Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Neitzke v. Williams,* 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Parratt v. Taylor*, 451 U.S. 527 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Paz v. Weir,* 137 F.Supp.2d 782 (S.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pierson v. Ray*, 386 U.S. 547 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Pope v. Thornburgh,* 978 F.2d 744 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Price v. Short*, 931 S.W.2d 677

(Tex. App.–Dallas 1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Renda v. King,* 347 F.3d 550 (3rd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Robinson v. Gunja,* 92 Fed. Appx. 624 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 18

*Rockefeller v. U.S. Court of Appeals Office,*
    *Tenth Circuit,* 248 F.Supp.2d 17 (D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rolen v. City of Brownfield,* 2004 WL 833366
    (N.D.Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*S.S. v. McMullin,* 225 F.3d 960 (8th Cir. 2000)(en banc),
    *cert. denied,* 532 U.S. 904 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Sanchez v. Swyden,* 139 F.3d 464 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . . . . . . 9

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Spicer v. Collins,* 9 F.Supp.2d 673 (S.D.Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Streetman v. Jordan*, 918 F.2d 555 (5th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sullivan v. County of Hunt, Tex.,* 106 Fed. Appx. 215
    (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sutton v. Utah State School for Deaf and Blind,*
    173 F.3d 1226 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575
    (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Townsend v. Memorial Medical Center,* 529 S.W.2d 264
    (Tex. App.–Corpus Christi 1975, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . 23

*United States ex rel. Wilson v. Graham County*
    *Soil & Water,* 224 F.Supp.2d 1042 (W.D.N.C. 2002),
    *rev'd on other grounds,* 367 F.3d 245 (4th Cir. 2004),
    *cert. filed,* 73 U.S.L.W. 3113 (July 28, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Cooper,* 949 F.2d 737 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Lee*, 962 F.2d 430 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Levine*, 80 F.3d 129 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Preston*, 608 F.2d 626 (5th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Vance v. Nunnery*, 137 F.3d 270 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Webster v. State of Texas,* 2004 WL 555636
    (N.D.Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999),
    *reh. denied at* 186 F.3d 633(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Willis v. Collins,* 989 F.2d 187 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


Texas Civil Practice & Remedies Code Annotated:

Ch. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

§ 101.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

§ 101.024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

§ 101.057(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

§ 101.106(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23


Federal Rules of Civil Procedure:

Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rule 41(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

Rule 41(a)(1)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rule 41(a)(1)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


Texas Penal Code:
§46.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


Federal Statutes:
18 U.S.C. §242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. §922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. §1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §1915(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. §1915(e)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, AND CHIEF BLAKE and file their (1) Motions to Dismiss Amended Pleadings Under Rule 12(b) for Failure to State a Claim, (2) Motion to Dismiss Based on Qualified Immunity, and (3) Motion to Dismiss under 28 U.S.C. §1915(e)(2)(B)(i, ii), and would show this Court as follows:

## I.  STATUS OF CASE

Plaintiff Flowers filed suit against Defendants City of Harlingen ("City"), the Harlingen Police Department ("HPD"), former Mayor Connie de la Garza ("Mayor de la Garza") and former HPD Police Chief Michael Blake ("Blake") for alleged violations of Flowers constitutional rights under 42 U.S.C. §1983.  Dkt #1.  Flowers was a federal prisoner and was permitted to proceed under 28 U.S.C. §1915.  Dkt #3.

Defendants moved to dismiss under Rule 12(b) and 28 U.S.C. §1915(e)(2)(B).  Dkt #6.  The Court ruled that Plaintiff's complaint was "confusing and lacking in legal substance," and ordered him to amend his complaint.  Dkt #7, 13.

Plaintiff filed an Amended Pleadings ("Amended Complaint") on December 28, 2004.  Dkt #18.  Defendants move to dismiss the Amended Complaint (1) under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, (2) based on qualified immunity, and, (3) under 28 U.S.C. §1915(e)(2)(B)(i) because the claim is frivolous or malicious.

1

## II.  ISSUES PRESENTED

1.    Whether 18 U.S.C. §242 provides a private cause of action.

2.    Whether Plaintiff has failed to allege a claim of excessive force under the Fourth Amendment if he does not allege any injury or how the force use was excessive under the circumstances.

3.    Whether Plaintiff has failed to allege a claim of arrest with probable cause.  Whether there was probable cause to arrest if Plaintiff (1) was a federal felon who admits leading officers to think he had a firearm, (2) was convicted for an offense for which was arrested, and (3) subsequently plead true to probation violations.

4.    Whether Plaintiff has alleged an actionable deprivation of a right to counsel under the Sixth or Fifth Amendment right if he does not allege he gave any statement, that he was prosecuted for any offense related to his statement, that the statement was used to convict him of an offense, or that prosecution had before he was interrogated.

5.    Whether Plaintiff has alleged any violation of Due Process under the Fifth or Fourteenth Amendment Due Process or that any violation deprived him of liberty or property.

6.    Whether Defendants de la Garza and Blake are entitled to qualified immunity because Flowers has not alleged facts showing:

      a.    How they violated his rights or how they were involved in the alleged incident;

2

    b.      How they have any supervisory responsibility under section 1983; or

    c.      How their acts violated clearly established law and were unreasonable.

7.     Whether Flowers has alleged facts waiving the City's sovereign immunity against state law torts.

8.     Whether any state law claims against alleged against individual defendants must be dismissed under the Texas Tort Claims Act section 101.106.

### III. FACTUAL BACKGROUND

This case arises from Mr. Flowers arrest in Harlingen in August 2003 that resulted in proceedings in this court to terminate his supervised release ("SR"). See *United States v. Flowers,* Cause No. 98-CR-257, Dkt #87 (Nov. 17, 2003) in the USDC for the Southern District of Texas [*Flowers* I]. Flowers has filed an Amended Complaint (Dkt #18), coupled with a "Motion to Answer Defendants Dismissal" (Dkt #19) which appears to be a misnamed response to Defendants' previous motion to dismiss (Dkt #6).

### A.    Flowers' Allegations

Flowers alleges that on August 24, 2003, HPD officers came to house, insulted him, surrounded his house, arrested him, and interrogated him. He alleges he is suing various "John Doe" officials, including a John Doe Mayor, John Doe Police Chief, John Doe Police Captain, John Doe Police Lieutenant, and a variety of John Doe SWAT team officers. Dkt #18, pp. 3, 6A-D.

Flowers alleges that the various HPD SWAT team and police officers entered his

house without a warrant.  Dkt #18, pp. 5, 7.  He requested them to leave, but they did not do

so and continued to ask him questions.  Dkt #18, p. 7.  At some point the officers surrounded

his house.  Dkt #18, pp. 5, 7.   An officer asked him if he had a gun.  Dkt #18, p. 7.  He

lectured the officers about his Second Amendment rights.  Dkt #19, p. 5.  He locked himself

in his room.  Dkt #19, p. 5.

The officers told him there were no outstanding arrest warrants for him.  Dkt #18, p.

7.  A SWAT team officer challenged him to a fight using vulgar language.  Dkt #18, p. 7.

At some point, the "Cheif [sic] John Doe, Capt John Doe and Lt John Doe gave the

OK to inter [sic] the bedroom and arrest Plaintiff."  Dkt #18, p. 7.  Flowers also claims that

he was arrested "without a warrant issued by a magistrate verbally abusing Plaintiff,

embarrassing, humiliating and caused phsical [sic] and emotional injuries."  Dkt #18, p. 5.

He alleges he had no weapons or bullets.  Dkt #19, p. 5.

He alleges at some point HPD SWAT and police officers denied him to have his

attorney present after he requested it and "constantly battered' him under questions without

cause.  Dkt #18, p. 6.  He alleges that various "John Doe" SWAT team members and police

officers falsely imprisoned him, and are guilty of "assult" [sic] and defamation.  Dkt #18, p.

6A-6D.

He alleges the "John Doe Mayor" is sued "under the theory of respondent [sic] suprior

[sic]."  Dkt #18 6A.  He alleges the "John Doe Chief of Police" is sued for allowing HPD

SWAT and police officers to surround his house and arrest him without warrant, and for

4

failing to train an supervise.  Dkt 18, p. 6B.

He alleges these facts show violations of:

a.    the Fourth Amendment for arrest and search without warrant, and for excessive force.  Dkt #18, p 5.

b.    the Fifth Amendment for deprivation of life, liberty, or property without Due Process.  Dkt #18, p. 5B.

c.    the Sixth Amendment for denying him counsel during interrogation while battering him. Dkt #18, p. 5B.

d.    18 U.S.C. §242. Dkt #18, p. 4

e.    state tort law for battery, assault, false imprisonment, and defamation.  Dkt #18, p. 4-6D.

## B.    The Rest of The Story[1]

Mr. Flowers was on federal SR from a marijuana trafficking conviction based on a plea of guilty.  *Flowers* I, dkt # 24 (Sept. 29, 1998).  The Hon Judge Janice Jack sentenced him to 40 months, with 3 years SR.  *Flowers* I, dkt #40 (Dec. 21, 1998).  In 2002, Judge Jack found violations of SR and sentenced him to 12 months, and two years SR.  *Flowers* I, dkt # 72 (Febr. 27, 2002).

---

[1]  Defendants do not intend to convert this motion to dismiss into a motion for summary judgment under Federal Rules of Civil Procedure 56.  This additional information can support a motion in a Rule 12(b) for two reasons.  First, Plaintiff pleads he was prosecuted in state court and refers the court to the record of that proceeding.  Dkt #18, pp. 7-7A. The Court may fairly take judicial notice of the public record to which he refers.  Second, 28 U.S.C. §1915(e)(2)(B) permits the Court the unusual power of piercing the veil of the complaints' factual allegations.  See *infra* at p. 12.

On the day in question, Mrs. Flowers summoned the HPD because Plaintiff had been partying all night, had become drunk and high on drugs, and had threatened her. When the officers arrived, Flowers refused to leave his bedroom and told the officers he would hurt them if they did not leave. He then turned his stereo up so as to drown out all further discussion. His wife then allowed the officers to shut off the power so as to make conversation possible.

Flowers became even more upset at the silence, told the officers to leave, and that he had a gun. [Presumably, this was his lecture to them about his 2nd Amendment rights]. Officers heard something inside like Flowers was readying a weapon. The SWAT team was summoned and Mr. Flowers was arrested.

Flowers was arraigned on the charge of terrorist threat, a violation of Texas Penal Code 22.07(A) and a complaint was filed in state court. *State v. Flowers,* Cause No. 03-CCR-4974 (*Flowers II*); Exh. 1. The next day, a petition to revoke his probation was filed and the federal district court issued a warrant for his arrest. *Flowers* I, dkt # 78 (Aug. 25, 2003). His case was transferred to the Brownsville division before the Hon. Judge Hilda Tagle. *Flowers* I, dkt # 83 (Nov. 6, 2003).

On October 31, 2003, he entered a plea of nolo contendre in state court in *Flowers II*, which included a waiver of his right to counsel and a stipulation of the evidence. Exh. 2. He was convicted of terrorist threat. Exh. 3. This is probably the discussion with Judge Robles [presiding judge of County Court at Law No. 1] to which his Amended Complaint

refers.  See Dkt #18, pp. 7-7A.

He was then arraigned in this court for violating his SR; the magistrate judge appointed the FPD to defend him.  *Flowers* I, dkt # 80, 81 (Nov. 4, 2003).  On November 17, 2003, he plead "true" to the alleged SRT allegations before Judge Tagle, was found guilty, and sentenced to 12 months.  *Flowers* I, dkt # 87.

## IV.  ARGUMENT & AUTHORITIES

### A.    Standard  of Review

1.    <u>Are de la Garza, Blake, HPD, and the City still defendants?</u>

It is unclear whether the original defendants are still in the suit.  Flowers' original complaint named the City, the Police Department, Mayor de la Garza, and Police Chief Blake as defendants; these defendants were served.  Dkt #1.  The Amended Complaint does not expressly name them.  Dkt #18.  Instead, it names "John Does" (e.g., a John Doe Mayor, John Doe Police Chief, John Doe Police Dep't Lieutenant, John Doe SWAT team officers, etc.) in their official and individual capacities.  Dkt #18.  No new citations on the "John Does" have been issued.

The Court did require Flowers replead.  Dkt #7.  However, Federal Rules of Civil Procedure 15(a) and 41(a)(1) permitted Flowers to amend and/or to dismiss parties without leave of court at any time before an answer or summary judgment is filed.  Defendants' motion to dismiss under Rule 12(b) was not an answer or "responsive pleading" and therefore Flowers could amend his complaint and/or dismiss any of them without court

approval.  *Willis v. Collins,* 989 F.2d 187, 189 (5th Cir. 1993) (Rule 15); *Carter v. United States,* 547 F.2d 235, 259 (5th Cir. 1977) (Rule 41).  An amended complaint that deletes a defendant is deemed to be a notice or stipulation of dismissal of the omitted party.  *Hamilton v. National Propane,* 276 F.Supp.2d 934, 937 (W.D.Wisc. 2002); *United States ex rel. Wilson v. Graham County Soil & Water,* 224 F.Supp.2d 1042, 1051 (W.D.N.C. 2002), *rev'd on other grounds*, 367 F.3d 245 (4th Cir. 2004), *cert. filed*, 73 U.S.L.W. 3113 (July 28, 2004).

Defendants believe that the Court should construe the Amended Complaint as a Rule 41(a)(1)(i) "notice" or a Rule 41(a)(1)(ii) "stipulation" of dismissal of Connie de la Garza and Michael Blake in their individual capacities.  They certainly would agree to being dismissed under Rule 41(a)(1)(ii).  This construction of the Amended Complaint is sound. De la Garza is no longer Harlingen's Mayor.  They are not named directly.[2]

Nonetheless, out of an abundance of caution, de la Garza and Blake continue to request dismissal under Rule 12(b) until the Court rules on whether they are still defendants.

It is more likely the City remains a defendant.  Flowers has sued the "John Doe" officials in their "official capacity."  An "official capacity" claim is in reality a suit against the unit of government and should be treated as such.  *Holland v. City of Houston,* 41 F.Supp. 2d 678, 716 (S.D.Tex. 1999).  Therefore, the City will urge its Rule 12(b) motion

---

[2] Defendants also urge that the failure to list the Harlingen Police Department as a party is a Rule 41(a)(1) dismissal.  In any event the HPD is not a legal entity that can be sued.  *Maxwell v. Harvey,* 815 F.Supp. 213, 215 (S.D.Tex. 1993); *Rolen v. City of Brownfield,* 2004 WL 833366, *4 (N.D.Tex. 2004); *Hutchison v. Brookshire Bros., Ltd.*, 205 F.Supp.2d 629, 635 (E.D.Tex. 2002).

on the assumption it remains a defendant in the Amended Complaint.

2.    Failure to State a Claim Under Rule 12(b)(6)

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Plaintiffs, drawing all reasonable inferences in his favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations.  *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).  However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants' qualified immunity from § 1983 claims.  *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc).  The complaint must state facts defeating qualified immunity, not mere legal conclusions.  *Schultea*, 47 F.3d at 1433.   The heightened pleading requirement mandates that a plaintiff suing an officer in her individual capacity for constitutional violations state with "factual detail and particularity the basis of his claim ...."  *Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985). "Mere conclusory allegations and bold assertions are insufficient to meet this heightened pleading requirement."  *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir.1990) (citing with approval, *Elliot,* 751 F.2d at 1482), particularly when greater detail might assist the court.  *Schultea,* 47 F.3d at 1433.

The court may order Plaintiff to file a reply under FED.R.CIV.PR. 7 that states specific

9

facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434. However, the Court may also consider that he has been given an opportunity to replead once. Defendants urge that the only further reply necessary is to state whether Flowers has dismiss parties under Rule 41(a)(1).

3.    Qualified Immunity Dismissal

Qualified immunity protects a public official from claims under 42 U.S.C. § 1983 if a reasonably prudent official would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The official will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *McClendon v. City of Columbia,* 305 F.3d 314, 327 (5th Cir. 2002)(en banc), *cert. denied,* 123 S.Ct. 1335 (2003).

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity. Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

42 U.S.C. §1983 is not itself a source of substantive rights. *Graham v. Connor*, 490

10

U.S. 396, 393 (1989).  The first inquiry is to isolate the precise provision of the federal Constitution that is allegedly infringed.  *Graham*, 490 U.S. at 394.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms.  *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995).  The contours of the constitutional right must be defined well enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *McClendon,* 305 F.3d at 331; *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).  The standard is whether the state of the law at the time of conduct gave the public official fair notice that the alleged conduct was unconstitutional.  *Hope v. Pelzer,* 536 U.S. 730 (2002); *McClendon,* 305 F.3d at 329.

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent.  *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999).  In some cases, the court may then look to whether a consensus exists in sister circuits.  *McClendon,* 305 F.3d at 329.  If reasonable officials could disagree, the officer has qualified immunity.  *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).  Even if some consensus exists that a right exists, its application must be identified with obvious clarity to the conduct involved the case at hand.  *McClendon,* 305 F.3d at 332-33.

4.    Dismissal under Section 1915(e)(2)

The terms of 28 U.S.C. §1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the Plaintiff is proceeding in forma pauperis if the court determines that the action is frivolous or malicious.  Under this standard, a district court may review a complaint and dismiss sua sponte those claims premised on meritless legal theories and those which clearly lack any basis in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 (1989); *Casiano v. U.S.*, 953 F.Supp. 158, 159 (S.D.Tex. 1997).  The Supreme Court has made clear that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless."  *Neitzke*, 490 U.S. at 325.  A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 32-33, 112 S.C. at 1733.  Courts must construe in forma pauperis complaints liberally, particularly in the context of a § 1915(e) dismissal, but are given broad discretion in determining when such complaints are frivolous.  See *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

**B.    Complaint Fails to State A Claim Under Section 1983**

1.    18 U.S.C. section 242 Does Not Permit a Private Remedy

Flowers alleges the Defendants violated criminal statute 18 U.S.C. §242.  Dkt #18,

12

p. 4. Section 242 is a criminal statute; it affords no private remedy or cause of action. *Cos v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Henry v. Albuquerque Police Dept.,* 49 Fed. Appx. 272, 273 (10th Cir. 2002)[unpublished]; *Cooper v. Short,* 53 F.3d 327, *1 (1st Cir. 1995)[unpublished]; *Pope v. Thornburgh,* 978 F.2d 744, *1 (D.C. Cir. 1992)[unpublished]; *Rockefeller v. U.S. Court of Appeals Office, Tenth Circuit,* 248 F.Supp.2d 17, 23 (D.C. 2003).

### 2.   Complaint Fails to Allege An Arrest Without Probable Cause

A claim of "false arrest" (i.e., claim of arrest without probable cause) falls under the Fourth Amendment. *Blackwell v. Barton,* 34 F.3d 298, 302 (5th Cir. 1994).

An arrest or detention may be unlawful if it is accomplished without due process of law as required by the United States Constitution. See *Baker v. McCollan*, 443 U.S. 137, 144-45 (1979). Police officers are thus required under the Fourth Amendment to make a determination of probable cause before performing a custodial arrest. *See Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir.1992); *Fields v. City of S. Houston*, 922 F.2d 1183, 1189 (5th Cir.1991). A warrantless arrest is reasonable when there is probable cause to believe a criminal offense has been or is being committed. *Devenpeck v. Alford,* 543 U.S. __, 125 S.Ct. 588, 598 (2004). An officer has probable cause to arrest if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime. See *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir.1989). Otherwise, the arresting officer's actual state of mind is irrelevant.

13

*Devenpeck,* 125 S.Ct. at 593.

Probable cause to arrest exists where the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *United States v. Lee*, 962 F.2d 430, 435 (5th Cir. 1992) (quoting *United States v. Preston*, 608 F.2d 626, 632 (5th Cir.1979)). "Probable cause must be judged not with the logic of cold steel, but with a common sense view to the realities of everyday life." *Id.* at 435 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). "The existence of probable cause is not determined by reference to a precise formula. Instead, probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir.1998) (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir.1996)). The court is to examine the totality of the circumstances to determine whether probable cause existed. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir.2000). "[P]robable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

"[A] peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S.

547, 555 (1967). The Constitution does not guarantee an error free investigation or that only the guilty will be arrested. *Baker,* 443 U.S. at 145-46; *Sanchez v. Swyden,* 139 F.3d 464, 468 (5th Cir. 1998). Likewise, the offense establishing probable cause need not be the same as or "closely related" to the offense identified by the arresting officer at the time of arrest. *Devenpeck,* 125 S.Ct. at 594. There is no constitutional requirement the arresting officer announce the offense justifying probable cause at the time of the offense. *Id.* at 595.

Flowers pleads facts showing probable cause existed. Flowers admit he told the officers about his Second Amendment rights, i.e., a right to firearms possession. It would be a crime for him to possess a firearm because he was a felon on SR. 18 U.S.C. §922(g)(1); TEX. PENAL CODE ANN. §46.04 (Vernon Supp. 2004). Thus his lecture to the officers about his "Second Amendment rights" gave them probable cause to arrest, i.e., some evidence to believe he possessed a firearm. Flowers argues that "quoting my 2nd Amendment rights and actually possessing a firearm are night and day." Dkt#19, p.5. If his remarks created probable cause, a warrantless arrest was reasonable, even if he was misleading the officers. It was not necessary for them to state possession was the reason basis for arrest, nor does the fact he mislead the officers into thinking he possessed a firearm disprove the officers had probable cause.

Moreover, the Complaint does not affirmatively allege specific facts showing lack of probable cause. *Compare Morgan v. City of Waco,* 2002 WL 324298, *3 (N.D.Tex. 2002) [unpublished]. There, plaintiff sued various police officers under section 1983 for arrest and

prosecution without probable cause in violation of the Fourth Amendment. *Id.* at *1. He alleged that he was arrested without probable cause by three officers and that each acted malice. *Id.* at *3. The district court adopted the magistrate's findings that these allegations were too conclusory and ordered plaintiff to replead entirely. *Id.* at *1, 3.

Finally, Plaintiff was convicted of terroristic threats in *Flowers II* and plead "true" to violation of SR in *Flowers I.* An adjudication about the underlying events may operate to collaterally estoppel the plaintiff in a section 1983 case. *Haring v. Prosise,* 462 U.S. 306, 313 (1983); 28 U.S.C. §1738. A section 1983 claim is not an appropriate vehicle to challenge the validity of a criminal adjudication. *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). The findings of guilt established probable cause to arrest Flowers. *Hudson v. Hughes,* 98 F.3d 868, 871-73 (5th Cir. 1996).

3.    Complaint Fails to Allege Use of Excessive Force to Arrest

An "excessive force" claim falls under the Fourth Amendment and pertains to the amount of forced used to apprehend. *Graham*, 490 U.S. at 394. Claims about the arrestee's treatment during custody falls under Substantive Due Process. See below at pp. 19-21.

A claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999), *reh. denied at* 186 F.3d 633(5th Cir. 1999). The plaintiff must suffer some injury, one that is more than *de minimus*. *Hudson v. McMillan,* 503 U.S. 1, 9-10 (1992);

*Williams,* 180 F.3d at 703.  Whether an injury caused by excessive force is more than *de minimus* must be judged by the context in which that force is deployed.  *Williams,* 180 F.3d at 704; *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

Here Flowers does not allege that the process of arrest injured him.  There is nothing about what force was used to seize his person or that seizing him physically caused him any injury.  Simply surrounding his house did not injure him, much less cause an injury out of proportion to that which might result from the use of reasonable force.  He alleges that the arresting officer "proceeded to come in the bedroom, assult [sic], arrest plaintiff."  Dkt #18.  "Assault" is a legal conclusion, i.e., that the defendant's threatened imminent bodily harm or did cause harmful or offensive bodily contact.  *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.–Dallas 1996, no writ).  It does not state facts showing *more force than was necessary* to apprehend.  It certainly does not state facts showing an injury from force used to arrest.

Flowers may be a layman, but he should be able to allege if he was struck, how force was applied to his body, and what physical injury resulted.  If he has not done so by now, the Court may fairly assume he cannot truthfully do so.

    4.    Complaint fails to allege facts showing a violation of rights to counsel under the Fifth or Sixth Amendment

Flowers argues his Sixth Amendment right to counsel was denied because he was not allowed to have an attorney present during his interrogation.  The allegations are insufficient to raise any deprivation of any right to counsel.

The Sixth Amendment right to counsel does not attach until the initiation of adversary

17

criminal proceedings by the state, e.g., formal charges, a preliminary hearing; there is no Sixth Amendment right to counsel during interrogation before criminal charges are filed. *Arrington v. County of Dallas,* 970 F.2d 1441, 1445-6 (5th Cir. 1992); *United States v. Cooper,* 949 F.2d 737, 741 n.1 (5th Cir. 1991); *Sullivan v. County of Hunt, Tex.,* 106 Fed. Appx. 215, 220 (5th Cir. 2004) [unpublished].   Because Flowers does not allege facts showing the initiation of formal charges before the alleged interrogation, his claim fails.

If the Court construes his pleading to assert the Fifth Amendment *Miranda* right to counsel during interrogation, such a claim would also fails.  The *Miranda* "Fifth Amendment right to counsel" during interrogation is a misnomer; the *Miranda* warnings are not themselves rights, but rather are remedies to protect the right against compulsory self-incrimination.   *Goodwin v. Johnson,* 132 F.3d 162,178 n.12 (5th Cir. 1998).   Thus, the standards and grounds for the "right to counsel" differ from the Sixth Amendment.  *Fellers v. United States,* 124 S.Ct. 1019, 1022-23 (2004); *McNeil v. Wisconsin,* 501 U.S. 171, 175-78 (1991).

Mere custodial interrogation without providing *Miranda* warnings is not a basis for a section 1983 claim.  *Martinez v. Chavez*, 538 U.S. 760, 770-73, 778, 123 S.Ct. 1994, 2003-4, 2007 (2003); *Renda v. King,* 347 F.3d 550, 558 (3rd Cir. 2003).   Likewise, there is no violation if Flowers was not prosecuted for that offense or his statements were not used to convict him.  *Chavez,* 538 U.S. at 770-73, 778, 123 S.Ct. at 2001-4, 2007; *Gibson v. Picou,* 101 Fed. Appx. 154, 157 (7th Cir. 2004)[unpublished]; *Robinson v. Gunja,* 92 Fed. Appx.

624, 627 (10th Cir. 2004) [unpublished]; *Manzanares v. Isenberg,* 2003 WL 21529430, *2 (N.D.Tex. 2003); *Webster v. State of Texas,* 2004 WL 555636, *1 (N.D.Tex. 2004). He does not allege he made any statements much less that they were used to convict him. Therefore, he has failed to state a deprivation of the any Fifth Amendment right to counsel or silence.

A claim that custodial officers used physical violence during interrogation, if it is actionable at, would lie under the Fourteenth Substantive Due Process. *Gibson,* 101 Fed. Appx. at 157; see *Chavez,* 538 U.S. at 772-3, 779, 123 S.Ct. at 2004, 2008.

Therefore, Flowers wholly fails to allege a section 1983 claim for Fifth Amendment violations. He does not allege Defendants obtained a statement or that it was used to convict him.

> 5.    Complaint Fails to Allege a Fourteenth Amendment Substantive Due Process <u>Violation</u>

Flowers alleges a Fifth Amendment Due Process violation for various acts that include arrest without probable cause and "constantly battered plaintiff under interrigation [sic] without cause." Dkt # 18. First, the Fifth Amendment Due Process Clause applies only to the federal government; only the Fourteenth Amendment Due Process Clause applies to the City.

The constitutional rights of pre-trial detainees flow from procedural and substantive due process. *Hare v. City of Corinth, MS,* 74 F.3d 633, 639 (5th Cir. 1996)(en banc). A claim of physical coercion to get a confession may trigger a Substantive Due Process Claim. *Chavez,* 538 U.S. at 774, 779, 123 S.Ct. at 2004, 2008. Mere verbal abuse during

interrogation or detention does not present an actionable section 1983 claim; mere threatening language and gestures by custodial officers do not amount to a Constitutional violation. *Bender v. Brumley,* 1 F.3d 171, 274 n.1 (5th Cir. 1993); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied,* 464 U.S. 998 (1983); *Spicer v. Collins,* 9 F.Supp.2d 673, 683 (S.D.Tex. 1998); see also *Gibson,* 101 Fed. Appx. at 157.[3]

A Substantive Due Process claim has a threshold requirement that the acts must shock the conscience. *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998); *S.S. v. McMullin,* 225 F.3d 960, 964 (8th Cir. 2000)(en banc), *cert. denied,* 532 U.S. 904 (2001); *Chavez,* 538 U.S. at 774, 123 S.Ct. at 2005 (Thomas, J., concurring); *Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1238 (10th Cir. 1999). This standard requires conduct that is an abuse of governmental power or is so brutal and offensive that it cannot comport with traditional ideas of fair play and decency. *Lewis,* 523 U.S. at 846, 847. Deliberate indifference may shock the conscience depending on the level of indifference and opportunity for calm deliberation prior to action. *Id.* at 850. However, negligence is not enough. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *S.S.,* 225 F.3d at 964. Gross negligence and recklessness do not meet even the test for "shock the conscience." *S.S.,* 225 F.3d at 964.

Therefore, any Substantive Due Process claim fails. He does not allege facts showing that physical violence was done to him during custody. He pleads the officers "battered"

---

[3] Also, Flowers' allegation that the officers' slander/defamation caused ridicule fails to allege a deprivation of liberty or property. *Mowbray v. Cameron County,* 274 F.3d 269, 277 (5th Cir. 2001).

him during custodial question, but that is a legal conclusion.  "Battery" is a conclusion that asserts either an offensive or harmful touching.  *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).  Likewise, he pleads no facts showing the officers' actions were deliberately indifferent or "conscience shocking."

It is not clear that Flowers is making a Procedural Due Process claim.  Assuming *arguendo* his complaint can be tortured into asserting one, it fails.  First, he has alleged no facts showing intentional deprivation.  *Daniels* 474 U.S. at 332.  Second, he has not alleged facts showing that his state law post-deprivation remedies are inadequate.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984).

## C.    Claims Against Mayor and Blake Individually

Assuming *arguendo* Flowers has not dismissed de la Garza and Blake, the Amended Complaint gives them no idea how they are involved in the event.  They have no vicarious liability under section 1983 for their subordinates' actions.  *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 263, 286 (5th Cir. 2002).  The Complaint fails  to state any facts showing they violated the Constitution.  Until Flowers pleads something specific, they cannot show how their actions were reasonable and did not violate clearly established law.

**D.     Complaint Does Not Allege Facts Showing a Waiver of Sovereign Immunity Against State Law Claims**

Unless Flowers can allege facts within the application of the limited waiver of immunity set forth in the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997), the City is entitled to sovereign immunity.  *Dallas County Mental Health and Retardation v. Bossley,* 968 SW2d 339, 341 (Tex. 1998).  To prove a waiver of immunity under the TTCA, Flowers must allege bodily injury that was caused by either (1) a City employee's negligent use of a motor driven piece of equipment, or (2) a use or condition tangible personal or real property that would make the City liable were it a private person.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon Supp. 2004). *Kesler v. King,* 29 F.Supp.2d 356, 375 (S.D.Tex.1998).  In order to hold the City liable under the TTCA, the Plaintiff's injuries must have been proximately caused by the operation or use of a motor-driven vehicle or motor-driven equipment or by a condition or use of tangible real or personal property.  *See Bossley v. ,* 968 S.W.2d at 342; *Dupre v. Dallas County Hosp. Dist.,* 8 F.Supp.2d 908, 927 (S.D.Tex. 1998).[4]

There is no waiver of immunity for intentional torts, e.g., assault, battery, etc.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1997).  Flowers alleges trespass, assault, battery, slander, etc.  Therefore, his state law claims are barred by sovereign

---

[4]  The alleged "official capacity" claims against the Mayor and Blake are really claims against the City; thus, governmental immunity applies to bar "official capacity" claims under state law.  *Holland,* 41 F.Supp. 2d at 716.  Under Texas law, claims against the official in his *individual* capacity are subject to the defense of "official immunity", but not the defense of sovereign immunity.  *Id*.  In essence, the *official capacity* claim is against the governmental unit, i.e., the City.

immunity.  *See Paz v. Weir,* 137 F.Supp.2d 782, 821 (S.D.Tex. 2001)(sexual assault); *Kellough v. Bertrand,* 22 F.Supp.2d 602, 612 (S.D.Tex. 1998)(false arrest and excessive force); *City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (false arrest and excessive force); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 266-67 (Tex. App.–Corpus Christi 1975, writ ref'd n.r.e.).  Simply calling the acts "negligent" will not change the result, when the negligent conduct is the intentional tort. *See Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001); *Paz,* 147 F.Supp.2d at 641.

Likewise, immunity is not waived for the state law punitive damage claims. TEX. CIV. PRAC. & REM. CODE ANN. § 101.024 (Vernon 1997).

**E.     Any State Law Claims Against Individual Defendants Must be Dismissed**

TTCA section 101.106(a) provides that a suit against the governmental entity is an election of remedies and forever bars suit or recovery against the individual employee of the entity regarding the same subject matter.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (Vernon Supp. 2004).  Therefore, because Flowers sued the City, his state law claims against Mayor de la Garza and Blake are barred.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA MAYOR, HARLINGEN CITY POLICE DEPARTMENT, and CHIEF BLAKE pray that upon submission of this motion, the Court dismiss the complaints

of Plaintiff, or require that he make further reply under Federal Rule of Civil Procedure 7,

and for such other and further relief to which they may show themselves entitled.

Respectfully submitted,

By: _/s/  Roger W. Hughes_____
       TOM LOCKHART
       State Bar No. 12473500
       Fed. I.D. No. 2257
       ROGER W. HUGHES
       State Bar No. 10229500
       Fed. I.D. No.  5950
       **ADAMS & GRAHAM, L.L.P.**
       P. O. Drawer 1429
       Harlingen, Texas 78551-1429
       Phone 956/428-7495; Fax  956/428-2954

Attorneys for Defendants CITY OF HARLINGEN, CONNIE DE LA GARZA, AND CHIEF BLAKE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 11th day of January 2005, to the following counsel of record and interested parties:

Plaintiff John Flowers, *pro se*:

John Leonard Flowers                *CM/RRR 7003 0500 0002 3732 4703*
1117 South D. Street
Harlingen, TX 78550

              _/s/  Roger W. Hughes_____
              ROGER W. HUGHES