OPINION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN LEONARD FLOWERS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-085 |
| | § | |
| CITY OF HARLINGEN, CONNIE DE LA | § | |
| GARZA MAYOR, HARLINGEN CITY | § | |
| POLICE DEPARTMENT, CHIEF BLAKE | § | |
| AND XYZ INSURANCE CO., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff John Leonard Flowers Jr.'s amended pleading in his suit against the City of Harlingen, various members of the Harlingen police force, and other local government officials (Docket No. 18). Defendants' motion to dismiss (Docket No. 20) will also herein be considered. For the reasons explained below, Defendants' motion to dismiss should be GRANTED and Plaintiff's suit DISMISSED.

## BACKGROUND

On August 24, 2003 Harlingen police officers arrested Plaintiff. It is the circumstances surrounding this arrest and the manner in which it was conducted that are at issue in this suit. Plaintiff claims that he was in his bedroom when, inexplicably, police officers knocked on his door and ordered him to come out. According to Plaintiff, he then proceeded to lecture the officers on the intricacies and importance of the Second Amendment right to bear arms. Shortly thereafter the Harlingen SWAT team arrived and Plaintiff was again ordered out of his room. He responded by asking the police to

1

leave. After some confrontational banter, the SWAT team forcibly entered Plaintiff's bedroom and arrested him.

The Defendants offer an alternative version of the morning's events.[1] They assert that on August 24, 2005 the Harlingen Police Department (HPD) received a call from Plaintiff's wife. Over the course of the phone call Mrs. Flowers explained that her husband was intoxicated, possibly under the influence of drugs, and was threatening her. Not long after, police officers arrived at the Flowers residence to find Plaintiff locked in his bedroom. They asked him to open the door. He refused. During the discussion that ensued Plaintiff asked the police to leave and told them that he would hurt them if they did not comply. When the police officers did not leave, Plaintiff turned on his stereo at a high volume thus making further negotiations impossible. The HPD officers then secured permission from Mrs. Flowers to cut power to the house so that they could resume talking with her husband. Once the power was off, and Plaintiff's sonic barrier eliminated, he became more agitated. At this time he informed HPD that he had a gun. The HPD officers then heard a noise from inside the bedroom similar to that of a weapon being readied. The officers promptly called in the SWAT team, which eventually broke into Plaintiff's bedroom and placed him under arrest.

---

[1] Though verification of these facts comes from outside of the pleadings this evidence may support dismissal under FED. R. CIV. P. 12(b)(6) because Plaintiff has referenced his underlying state court case, which is a matter of public record, in his complaint (Docket No. 18 at 7). The Court may, therefore, take judicial notice of the information contained therein. See *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Additionally, the Court may look outside the pleadings when considering a motion to dismiss premised on 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

What is not in contention is that Plaintiff was later arraigned on the charge of terroristic threat, in violation of Texas Penal Code § 22.07(A), and a complaint was filed in state court. Shortly thereafter a petition to revoke his supervised release was filed in federal court and a warrant issued for his arrest. The federal case was subsequently transferred to this court. Plaintiff was ultimately convicted in state and federal court of the respective charges against him. He was sentenced to twelve months in federal custody for the supervised release violation.

On May 10, 2004, Plaintiff filed a 42 U.S.C. § 1983 suit against the City of Harlingen, the HPD, former Mayor Connie de la Garza, and former HPD Police Chief Michael Blake, seeking an award of damages for the alleged constitutional and state law violations he endured during and after the arrest described above. At the time he filed his complaint Plaintiff was a federal inmate. Thus he was allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Docket No. 3). The Court subsequently ordered Plaintiff to amend his pleadings because they were confusing and lacking in legal substance. On December 28, 2004 Plaintiff filed his amended complaint (Docket No. 18). Shortly there after, Defendants filed a motion to dismiss the amended complaint pursuant to FED. R. CIV. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

*i.   Federal Rule of Civil Procedure 12(b)(6)*

In considering the Defendants' motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The issue is not whether Plaintiff will prevail but whether he is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d

1395, 1401 (5th Cir. 1996). Motions of this type are generally disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Additionally, in ruling on the motion, the Court may not look beyond the pleadings except in rare cases. *Baker*, 75 F.3d at 196. Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle his claim to relief." *Id.* at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court, however, does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

ii.     *28 U.S.C. § 1915*

Defendants also argue that Plaintiff's claims should be dismissed according to 28 U.S.C. § 1915(e)(2)(B). Congress enacted § 1915 "[t]o guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action . . . solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Accordingly, § 1915 permits federal courts to authorize qualified individuals, usually prisoners, to bring an action without prepayment of fees and costs. Section 1915 also states, however, that "the court shall dismiss the case at any time if the court determines that... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Thus, § 1915 opens the door to those who are unable to pay the filing fees required of civil litigants, but "cuts off at the pass those who would use the system cavalierly, in bad faith, or absent poverty." *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

A district court may dismiss as frivolous a suit brought in forma pauperis based on the complaint alone, however, frivolousness in this context is not coterminous with failure to state a claim. *Wilson,* 926 F.2d 483 n. 4; *Hilgeman v. National Ins. Co. of America*, 547 F.2d 298, 300 (5th Cir.1977). A complaint may be dismissed as frivolous under § 1915 if it lacks an arguable basis in law or fact. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002)(quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In determining whether a complaint is frivolous under § 1915(e), the district court is given broad discretion. *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Furthermore, Section 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.[2]

## ALLEGATIONS

Plaintiff's allegations are numerous. Plaintiff asserts that HPD violated criminal statute 18 U.S.C. § 242 in that they deprived him of his rights under color of law. He also maintains that his arrest by Harlingen police officers violated his Fourth, Fifth, Sixth and Fourteenth amendment rights giving rise to a 42 U.S.C. § 1983 claim. Specifically, he alleges that the HPD violated his civil rights by arresting him without probable cause, failing to procure a warrant before arresting him, using excessive force to

---

[2]Most of the cases referenced in regards to 28 U.S.C. § 1915 list the dismissal portion of that statute as § 1915(d). In 1996, however, the statute was amended and the section of the statute granting district courts the authority to dismiss certain actions can now be found in §§ 1915(e)(2)(B)(i)-(iii).

subdue him, battering him under interrogation, and not allowing him to speak with counsel after being arrested. In addition to the above claims Plaintiff peppers his amended complaint with various other allegations including that HPD subjected him to slander, humiliation, public scorn, derision, false imprisonment, defamation, and emotional distress. He also contends that HPD trespassed upon his property in the course of arresting him. It is to the merits of these claims, or rather the lack thereof, that the Court now turns.

## DISCUSSION

**I.   18 U.S.C. § 242 claims**

Section 242 of Title 18 of the United States Codes provides a criminal penalty for any person who willfully deprives another of their rights under color of law. There is, however, no civil remedy or private cause of action available under this statute. Thus, Plaintiff can prove no set of facts in support of this claim which would entitle his claim to relief under 18 U.S.C. § 242 and therefore dismissal under FED R. CIV. P. 12(b)(6) is appropriate. *Beanal*, 197 F.3d 164.

**II.   42 U.S.C. § 1983 claims**

Section 1983 of Title 42 of the United States Code provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Government officials performing discretionary functions generally enjoy qualified immunity from such suits if their conduct was objectively reasonable under existing federal law. *McClendon v. City of Columbia*, 305 F.3d 314, 327 (5th Cir. 2002). Thus the Court turns to exam each of Plaintiff's

constitutional claims in order to determine whether the pleadings show that Defendants acted reasonably under federal law.

i.   *Probable cause claim*

Plaintiff alleges that he was arrested without probable cause[3] in violation of his Fourth Amendment rights.  In order to satisfy the probable cause requirement of the Fourth Amendment a police officer must, at the time of the arrest, "have knowledge sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense". *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir. 1989).  Even if Plaintiff did not explicitly state that he had a gun, as Defendants purport, it is the opinion of this Court that Plaintiff's "Second Amendment lecture" to the HPD officers, which he acknowledges in his pleadings, was enough to constitute probable cause in this case.  The officers were aware that Plaintiff was a felon on supervised release and that it was illegal for him to possess a firearm.[4]  Plaintiff's mention of his Second Amendment right to bear arms would have been enough to convince a prudent person that Plaintiff was violating the terms of his supervised release and subject to arrest.  Accordingly, Plaintiff's allegation that no probable cause existed for his arrest is meritless.  In arresting Plaintiff, Defendants did not violate any established federal law and their conduct

---

[3]Plaintiff also alleges in his "response" (Docket No. 19) to Defendants' motion to dismiss that he was the subject of an improper, warrantless arrest.  As will be explained below, there was probable cause for Plaintiff's arrest and therefore a warrant was not needed.

[4]Plaintiff acknowledges in his pleadings that the HPD officers conducted a background check on him while at his residence.

was objectionably reasonable under the circumstances. As such, they enjoy qualified immunity as to any § 1983 claim based upon lack of probable cause and dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) is appropriate. *Neitzke*, 490 U.S. at 327.

    ii.    *Excessive force claim*

In his second allegation Plaintiff claims that the officers who arrested him used excessive force to apprehend him. This claim also falls under the purview of Fourth Amendment jurisprudence. The Fifth Circuit has held that "a claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable" in order to defeat a qualified immunity defense. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). In the instant case Plaintiff alleges that he endured "phsical [sic] and emotional injuries" during his arrest (Docket No. 18 at 5). Despite being allowed to amend his pleadings, however, Plaintiff does not mention what injury he suffered or how he received this injury. He makes no showing whatsoever that HPD used more force than was necessary under the circumstances. Therefore, under the facts stipulated by Plaintiff in his pleadings, Defendants enjoy qualified immunity as to any § 1983 claims based on use of excessive force and dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) is appropriate. *Neitzke*, 490 U.S. at 327.

    iii.    *Right to counsel claim*

Plaintiff's next claim concerns the actions of HPD officers after his arrest. He claims that he was denied his Sixth Amendment right to counsel while being questioned by Harlingen police officers. Plaintiff's claim, however, is based on a misunderstanding of the Sixth Amendment right to counsel.

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to ... have the assistance of counsel for his defense." U.S. CONST. amend. VI. The primary purpose of this constitutional provision is to assist laypersons who are confronted with the overwhelming task of navigating our complex system of criminal law. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). Though for most of its history it has been a right relevant only in the context of the courtroom[5], in 1964 the United States Supreme Court extended its scope to include certain aspects of police investigations. *Massiah v. United States*, 377 U.S. 201, 207 (1964). In *Massiah* the Supreme Court held that admission at trial of uncounseled, post-indictment statements elicited from defendant by law enforcement officers violated the Sixth Amendment. *Id.* at 207. Though it is not at all clear from the pleadings, it is possible that Plaintiff intended to argue that the Supreme Court's extension of the right to counsel in *Messiah* applied to his case. This interpretation of the Sixth Amendment would only be appropriate if HPD had continued to question Plaintiff after he was indicted and attempted to use any statements they may have procured from him to gain a conviction at trial. *Id.*; *Arrington v. County of Dallas*, 970 F.2d 1441, 1445 (5th Cir. 1992); *United States v. Cooper*, 949 F.2d 737, 741 (5th Cir. 1991). Plaintiff does not make such an allegation. He only claims that he was interrogated by police officers without benefit of an attorney after being arrested (Docket No. 18 at 6). He does not allege that this interrogation took place after criminal charges were filed nor that the information gleaned from the questioning affected his subsequent conviction in state court for making a terroristic threat. Because the Sixth Amendment right to counsel does not attach until the initiation of an

---

[5]Michael J. Howe, *Tomorrow's Massiah: Towards a "Prosecution Specific" Understanding of the Sixth Amendment Right to Counsel*, 104 Colum. L. Rev. 134 (2004).

adversary judicial process in respect to a specific crime, Plaintiff has not pleaded sufficient facts to overcome Defendants qualified immunity defense. *Arrington*, 970 F.2d at 1445-1446. As such, this claim is also ripe for 28 U.S.C. § 1915(e)(2)(B)(iii) dismissal. *Neitzke*, 490 U.S. at 327.

If the Court construes Plaintiff's right to counsel claim as asserting a Fifth Amendment *Miranda* argument, he fairs no better. The guarantees of *Miranda*, including the right to have counsel present during custodial interrogation, are "not themselves rights protected by the Constitution but are instead measures to insure that the right against compulsory self-incrimination is protected". *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989); See also *Goodwin v. Johnson*, 132 F.3d 162, 178 (5th Cir. 1998). As mentioned above, Plaintiff does not allege that he made any incriminating statements while under interrogation nor that any information discovered during the questioning immediately following his arrest was used to convict him. Thus, under this interpretation of Plaintiff's complaint, he fails to raise the constitutional issue necessary for a § 1983 claim. Accordingly, he can prove no set of facts in support of this claim which would entitle him to relief and it should be dismissed under rule 12(b)(6). *Beanal*, 197 F.3d 164.

iv.    *Substantive due process claims*

Plaintiff claims that his Fifth Amendment due process rights were violated by HPD upon his arrest. Specifically, he argues that the SWAT team violated his Fifth Amendment rights by entering his residence and arresting him. The Court will assume that Plaintiff intended to argue these claims with reference to the Fourteenth Amendment since the Fifth Amendment only applies to the federal government.

10

In order to violate substantive due process the alleged actions of the government must be brutal and offensive so as not to comport with traditional ideas of fair play and decency. *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957). The Supreme Court has described this type of conduct as that which "shocks the conscience". *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Plaintiff has failed to plead facts sufficient to prove that state officials took any action against him that would rise to this level.

As described in detail above, Plaintiff's arrest was conducted properly. The police were summoned to Plaintiff's residence by his wife and based upon Plaintiff's assertions in his pleadings there was probable cause to arrest him. Furthermore, according to Plaintiff's account of the arrest, the SWAT team did not use excessive force. Although he alleges that he was "battered"[6] during interrogation he alleges no specific injury much less one that resulted from state action which "shocks the conscience". Accordingly, Plaintiff has pleaded no set of facts in support of this claim which would entitle him to relief. On the contrary he has made statements of fact that prove his claim to lack an arguable basis in law or fact and as such it should be dismissed according to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

v.   *Plaintiff's other 42 U.S.C. § 1983 claims*

Plaintiff alleges throughout his complaint that he was subjected to humiliation, public scorn, and derision. As with most of his other claims, he pleads no specific facts that would entitle him to any form

---

[6]Though Plaintiff improperly pleads a legal conclusion here the Court will assume that this is a result of his pro se status and interpret his conclusory statement as an allegation that he suffered some form of physical harm while in police custody.

of relief based upon these alleged wrongs. Due to the deficiency of Plaintiff's pleadings the Court is again forced to make assumptions on his behalf. In regards to these claims the Court assumes that Plaintiff means to argue that his arrest subjected him to humiliation, public scorn, and derision in violation of his Fourth Amendment rights . As discussed above, Plaintiff's arrest was initiated and carried out properly based on the facts he alleges in his pleadings and the public records he references. As such, he has proven these claims frivolous by his own pleadings and they are ripe for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 327.

### III.   State Law Claims

Plaintiff's state law claims of slander, defamation, false imprisonment, emotional distress, and trespass suffer from the same shortcoming as his § 1983 allegations; namely that he does not plead specific facts to support these claims. In addition to this deficiency, however, the state actors Plaintiff has chosen to sue enjoy sovereign immunity. Plaintiff does not argue that Defendants in any way waived this immunity through their actions nor does the Court find that any waiver occurred. TEX. CIV. PRAC & REM. CODE § 101.021 (Vernon 1997). Accordingly, Plaintiff's state law claims lack an arguable basis in law or fact and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and as barred by Defendants' immunity under § 1915(e)(2)(B)(iii). *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 327.

### RECOMMENDATION

For the aforementioned reasons, this Court recommends that Defendants' motion to dismiss (Docket No. 20) be GRANTED and that Plaintiff John Leonard Flower's amended complaint, and all

claims contained therein, (Docket No. 18) be DISMISSED according to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this _____ day of May 2005.

Felix Recio
United States Magistrate Judge